H.A. ADAMS and Opal Adams, and Gary Adams and
Darlos Adams *v.* Donald OWEN and Darcy Owen

93-917                                          870 S.W.2d 741

Supreme Court of Arkansas
Opinion delivered February 28, 1994
[Rehearing denied April 11, 1994.*]

*Robert E. Bamburg, P.A.*, for appellants.

*Hale & Young*, by: *Milas H. Hale, III*, for appellees.

JACK HOLT, JR., Chief Justice. Appellants contend that the
trial judge's setting aside of a default judgment against JFK Laun-
dry (JFK) and Guy Ramsey was error because the trial court
abused its discretion in: (1) granting the motion to set aside the
judgment; (2) misinterpreting Ark. Code Ann. § 16-110-407 and
(3) finding that Mr. Ramsey had not employed the debtor, Darcy

---

*See, Trapp* v. *Economy Eng'g Co.*, 316 Ark. 89, 90-A (1994).

Owen, and that he did not have a financial interest in her place of employment, JFK. We do not reach the merits of appellants' arguments and affirm the trial court because they have failed to comply with Rule 4-2(a)(6) of the Rules of the Supreme Court.

Appellants, the Adamses, obtained a default judgment against Ms. Darcy Owen and served JFK Laundry with "Allegations and Interrogatories" regarding certain funds JFK allegedly owed Ms. Owen. When JFK failed to respond to their interrogatories or appear at a hearing as garnishee, the Adamses obtained a default judgment against JFK. For reasons we are unable to adduce from the appellants' abstract, the Adamses attempted to garnish Mr. Guy Ramsey's certificate of deposit invested at Twin City Bank to satisfy the default judgment. Thereafter, Mr. Ramsey and JFK filed a motion with the trial court to have the default judgment set aside. The abstract, furnished by the Adamses, reflects a judgment against JFK; however, it does not reveal any judgments against Mr. Ramsey whatsoever. After the hearing on the issues, the trial court entered an order setting aside a default judgment against Guy Ramsey and a garnishment against Twin City Bank — no mention was made of the default judgment against JFK. The Adamses now appeal.

We cannot reach the merits of the case, for, as stated, the Adamses failed to comply with Ark. Sup. Ct. R. 4-2(a)(6). Pertinent pleadings are missing from the Adamses' abstract, and abstracted judgments of the trial court contain serious misstatements as to parties and disposition. The abstract is not only woefully deficient, it includes materials which cannot be found in the transcript of trial. For example, the Adamses claim that the trial judge erred in setting aside a default judgment against JFK and Guy Ramsey, and in support of their claim, they note in their abstract that the trial court, in its order filed May 3, 1993, set aside a default judgment against Guy Ramsey and JFK, when in fact, neither the Adamses' abstract nor the record of trial reveals the existence of a default judgment against Mr. Ramsey. Furthermore, appellants' abstract does not contain an order setting aside a default judgment against JFK.

Rule 4-2(a)(6) specifically provides that the appellant's abstract should consist of "an impartial condensation, without comment or emphasis, of *only* such material parts of the

pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions *presented to the Court for decision.*" (Emphasis added.) Moreover, we have held it is the appellant's burden to produce a record exhibiting prejudicial error, *Haynes* v. *State*, 314 Ark. 354, 862 S.W.2d 275 (1993), and that we cannot consider evidence on appeal that is not included in the transcript. *See BWH, Inc.* v. *Metropolitan Nat'l Bank*, 267 Ark. 182, 590 S.W.2d 247 (1979).

■ Obviously, the abstract of the final judgment of the court is incorrect and does not reflect the actual findings of the trial court. Likewise, there is not an abstract of judgment against Mr. Ramsey, and there are other materials contained in the Adamses' brief, such as a lease agreement, a certified mail receipt, and a photocopy of a cancelled check, which are not found in the record of the hearing. Simply put, the state of the abstract is as such that we cannot determine or resolve the issues presented on appeal.

Noncompliance with Rule 4-2(a)(6) under these circumstances requires that we affirm the trial court. *See Dixon* v. *State*, 314 Ark. 378, 863 S.W.2d 282 (1993); *Fruit* v. *Lockhart*, 304 Ark. 457, 802 S.W.2d 930 (1991).

Affirmed pursuant to Rule 4-2(a)(6).

CORBIN, J., not participating.