Gary Keith TOLBERT *v.* STATE of Arkansas

CR 93-976                                              874 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered April 25, 1994

*Harold W. Madden*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Gary Keith Tolbert, raises two points for reversal in this appeal from his rape conviction and life sentence. He argues that the trial court erred (1) in failing to direct a verdict in his favor and (2) in permitting the introduction of evidence of other offenses. Since Tolbert neglected both to renew his motion for directed verdict at the conclusion of all evidence and to object to the introduction of evidence of other offenses, the judgment must be affirmed.

Gary and Gina Tolbert were married in 1980. Ms. Tolbert had a son by a previous marriage, who, at that time, was about four or five years old.[1] The boy lived with his mother and Gary Tolbert, whose relation to him was that of stepfather. During the course of the Tolberts' marriage, two daughters were born.

In March 1991, the couple divorced. Ms. Tolbert's son, now a teenager, lived with his stepfather Gary for approximately four months after the divorce, through the end of a term of summer school in July. On returning to his mother, he informed her that "Gary had been messing with him" and that he had "done had more sex with Gary than any way that I could think of."

Subsequently, the victim delivered statements to the Department of Human Services and the Arkansas State Police. A probable cause affidavit signed by Detective Sergeant David Smith of the Saline County Sheriff's Department, dated November 5, 1991, stated that the victim had been interviewed by Investigator Brenda Hale of the Arkansas State Police and that he had reported that he had been sexually abused by Gary Tolbert since the age of five. The affidavit recited instances of masturbation, oral sex, anal sex, and the use of a vibrator. On November 13, 1991, Dr. Mary Jewell Atkins examined the victim and found damage to the rectal area suggestive of sexual abuse.

Tolbert was charged by information on November 15, 1991,

---

[1]Testimony concerning the boy's age at the time Gary and Gina Tolbert were married was inexact, but he was eighteen at the time of the October 1992 trial.

with the class Y felony of rape under Ark. Code Ann. § 5-14-103 for acts occurring between 1980 and 1991. A jury trial was held on October 22, 1992, at which Tolbert took the stand in his own behalf, denying the allegations against him. However, in addition to the testimony of the victim and other witnesses, the state produced two letters written by Tolbert to his stepson that provided evidence of the sexual character of the relationship. Tolbert was found guilty and was sentenced to life imprisonment. This appeal followed.

## I. Sufficiency of the evidence

On appeal, we first address Tolbert's challenge to the sufficiency of the evidence before reviewing any other asserted trial error. *Coleman* v. *State*, 315 Ark. 610, 869 S.W.2d 713 (1994); *Clark* v. *State*, 315 Ark. 602, 870 S.W.2d 372 (1994).

During trial, at the close of the state's case, Tolbert moved for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993). Although Tolbert made a motion for a directed verdict at the conclusion of the presentation of the state's evidence, he neglected to do so at the close of all the evidence.

Under Ark. R. Crim. P. 36.21, a failure to challenge the sufficiency of the evidence by a renewed motion for a directed verdict at the end of the case constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. *Cummings* v. *State*, 315 Ark. 541, 869 S.W.2d 17 (1994); *Cole* v. *State*, 307 Ark. 41, 818 S.W.2d 573 (1991). Therefore, this court is precluded from considering the issue of the sufficiency of the evidence.

## II. Evidence of other offenses

Tolbert also argues that the trial court committed reversible error in admitting evidence of his sexual advances toward another adolescent male, Joe Spear. He asserts that the witness's testimony, which was unrelated to the crime with which he was charged, was presented solely for the purpose of persuading the jury that he must therefore have "acted in conformity" in raping his stepson, in violation of Ark. R. Evid. 404(b).

However, the record reveals that the defense made no motion in limine to exclude Joe Spear's testimony prior to trial. Moreover, no objection based on Rule 404(b) was lodged at trial.

A motion in limine was in fact made concerning the youth's testimony, but it was made by the prosecution and concerned a potential defense probe of a burglary charge against Spear and his commitment to a hospital for mental-health care. Indeed, the prosecutor commented at the time of the discussion in chambers that "I don't believe that after reviewing the case law the Defense counsel has any objection to his testimony." Defense counsel was silent. And, as mentioned above, no objection was raised at trial on the basis of Ark. R. Evid. 404(b) when Joe Spear testified.

Simply put, Tolbert has failed to preserve this issue for appeal. An argument for reversal will not be considered in the absence of an objection. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

### III. Rule 4-3(h)

Pursuant to Rule 4-3(h) of the Rules of the Supreme Court and Court of Appeals, the state has undertaken a review of the record and has abstracted additional rulings decided adversely to Tolbert. None of these involves prejudicial error.

Affirmed.