Gordon Dale BRADFORD *v.* Shelby Jean BRADFORD

CA 93-982                                        894 S.W.2d 616

Court of Appeals of Arkansas
Division II
Opinion delivered March 22, 1995

*Ralph J. Blagg*, for appellant.

*Stephen E. James. P.A.*, by: *Stephen E. James*, for appellee.

JUDITH ROGERS, Judge. This appeal comes to us from the Chancery Court of Van Buren County. The appellant, Gordon Dale Bradford, appeals from an amended divorce decree entered by the court on February 18, 1993. For reversal, appellant contends that the trial court erred in making an unequal division of marital property and in awarding appellee alimony. In addition, appellant maintains that the Honorable David L. Reynolds, a cir-

cuit judge, was without legislative authority to hear this case in chancery court. We affirm.

This is the second appeal of this matter. After a trial on January 18, 1990, Judge Reynolds, who was a chancellor at that time, entered a decree of divorce in favor of appellee. On appeal to this court, appellant successfully argued that the chancellor had exceeded his authority by awarding real property held as tenancy by the entirety solely to appellee and in ordering appellant to execute a deed to appellee. We reversed and remanded stating that, because the award of that property was said to be in lieu of alimony, and since the marital residence was a significant part of the marital assets, the interests of justice would best be served by remanding the case for a complete resolution of the property rights of the parties, including the question of alimony. We also ruled that the chancellor could permit the introduction of such additional evidence as was necessary for a just resolution of the issues. *Bradford* v. *Bradford*, 34 Ark. App. 247, 808 S.W.2d 794 (1991).

From the briefs of the parties, we gather that Judge Reynolds was elected to the circuit court bench between the time of the original trial and the first appeal of this case. Also, the parties are in agreement, although it is not apparent from the record, that the judges of the Twentieth Judicial District entered into an exchange agreement on February 5, 1991, and that, pursuant to that agreement, Judge Reynolds sat as a chancellor at the supplemental hearing on remand, which was held on January 14, 1992. Judge Reynolds took the case under advisement, and on February 18, 1993, he entered an amended decree making an unequal division of marital property in which appellee was awarded, among other things, possession of the marital residence and alimony in the amount of $246.98 per month. This appeal followed.

As his first two issues, appellant contends that the trial court's decisions with regard to the unequal division of marital property and the award of alimony are not supported by the evidence. We are unable, however, to reach these issues because appellant's abstract is woefully inadequate.

At the supplemental hearing, a transcript of the original January 18, 1990, trial was introduced as Joint Exhibit No. 1. The amended decree makes it clear that the findings contained therein

were based upon evidence adduced at both the original trial and the supplemental hearing. Nevertheless, there is no copy of Joint Exhibit No. 1 in this record, and appellant has failed to abstract any of the evidence from the January 1990 trial. In addition, as appellee correctly points out, appellant also failed to include the cross-examination of appellant at the supplemental hearing, as well as a number of pertinent exhibits which were introduced at the supplemental hearing.

Rule 4-2(a)(6) of the Rules of the Supreme Court and Court of Appeals provides that appellant's abstract of record should consist of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision. The rule also states: "On a second or subsequent appeal, the abstract shall include a condensation of all pertinent portions of the record filed on any prior appeal." Further, Rule 4-2(b)(2) provides that, if this court finds the abstract to be flagrantly deficient, the judgment or decree may be affirmed for non-compliance with the rule.

██ It is the appellant's burden to produce a record exhibiting prejudicial error. *Adams* v. *Owen*, 316 Ark. 99, 870 S.W.2d 741 (1994). Without having the benefit of an abstract of the original trial and in the absence of a complete abstract of the supplemental hearing, we are not able to render an informed decision on the issues raised. We thus conclude that the abstract is flagrantly deficient and do not address appellant's arguments challenging the findings made in the amended decree. *Sturch* v. *Sturch*, 316 Ark. 53, 870 S.W.2d 720 (1994).

Turning to the last issue, appellant questions for the first time on appeal the authority of Judge Reynolds, a circuit judge, to hear this case in chancery court. Appellant refers to the supreme court's decision in *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992), where the supreme court held that judges lacked the legislative authority to enter into exchange agreements within their respective districts. He acknowledges, however, that the legislature subsequently amended Ark. Code Ann. 16-13-403 by passage of Act 51, § 3 of 1992 (1st Ex. Sess.) to permit such intradistrict exchanges, but he argues that the amendment does not apply

here because the supplemental hearing over which Judge Reynolds presided took place prior to the passage of Act 51. On the other hand, appellee points out that the amended decree was entered after the statute was amended, and argues further that the amendment should be applied retroactively.

■ Although appellant characterizes this issue as being one of subject matter jurisdiction, which can be attacked for the first time on appeal, the supreme court has held that this objection is not a question of subject matter jurisdiction, and can thus be waived. *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992). In *Simpson*, the appellant challenged the authority of a chancery and probate judge to preside over his criminal trial. The issue had not been raised below, and the supreme court refused to consider the argument, stating:

> Subject matter jurisdiction, however, is determined from the pleadings, and once a proper charge is filed in circuit court, that court may exercise jurisdiction over that subject matter. *Walker* v. *State*, 309 Ark. 23, 827 S.W.2d 637 (1992). Moreover, jurisdiction is granted to a particular position, that is, to a particular court, and not to the person who fills it. *Nation* v. *State*, 283 Ark. 250, 674 S.W.2d 939 (1984). Here, the Faulkner County Circuit Court clearly had jurisdiction over the two rape charges and the issue raised by Simpson concerns the authority of the individual who filled that position. As was the case in *Nation*, that issue relates to the authority of the sitting judge and not to the jurisdiction of the circuit court.

*Id.* at 499, 837 S.W.2d at 478.

■ Here, this matter was lodged in the Chancery Court of Van Buren County, and undoubtedly the chancery court had jurisdiction over this divorce matter. Because appellant only questions the status of the individual who presided over the proceedings, the chancery court's subject matter jurisdiction is not implicated. Therefore, since this issue was not raised below, it has not been preserved for appeal, and we decline to address the questions raised by the parties on this point.

Affirmed.

JENNINGS, C.J., and MAYFIELD, J., agree.