Peter LAUDAN and Anna Moan *v.* STATE of Arkansas

CR 95-481                                        907 S.W.2d 131

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*Roy Hodnett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellants, Peter Laudan and Anna Moan, were separately convicted of one count of distribution of handbills in violation of the Fort Smith Municipal Code of Ordinances § 14-51, and assessed a fine of $100.00 and court costs of $62.26. Their cases were consolidated for appeal. Appellants assert Ordinance § 14-51 is unconstitutional because it is overbroad and impermissibly burdens their rights to free speech and exercise of religion protected by the First Amendment to the United States Constitution. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and (d)(1). We affirm the judgments of the trial court.

We first observe that appellants failed to obtain a ruling from the trial court on the issue of the constitutionality of Ordinance § 14-51. This court has repeatedly stated that failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review of the issue on appeal. *E.g., Donald v. State*, 310 Ark. 197, 833 S.W.2d 770 (1992); *Bonds v. State*, 310 Ark. 541, 837 S.W.2d 881 (1992). Appellants argue

the judgments of conviction implicitly contain the trial court's ruling that Ordinance § 14-51 is constitutional because the constitutionality of the ordinance was the only contested issue at trial. Assuming, *arguendo*, the judgments of conviction implicitly contain the trial court's ruling on the constitutionality of Ordinance § 14-51, we conclude other procedural obstacles remain that preclude our consideration of this appeal on its merits.

■■ First, we observe that appellants' overbreadth argument is raised for the first time on appeal. Hence, no ruling was obtained from the trial court on this issue, even implicitly, thereby precluding its review on appeal. *Donald*, 310 Ark. 197, 833 S.W.2d 770; *Bonds*, 310 Ark. 541, 837 S.W.2d 881. Second, appellants' arguments that were raised at trial, *i.e.*, that Ordinance § 14-51 violated their First Amendment rights to free speech and exercise of religion, are nonetheless precluded from review on appeal by appellants' failure to obtain a ruling from the trial court specifying which of the three subsections of Ordinance § 14-51 were violated.

Ordinance § 14-51, entitled "Distribution of handbills and other hand-distributed advertisements," provides, in full, as follows:

(a) It shall be unlawful for any person to throw or deposit any commercial or noncommercial handbill or other hand-distributed advertisement *in or upon any sidewalk, highway, street, boulevard, alley or other public way or in or upon any public park, square, public plaza, public recreational area or public building within the city*, provided however, that it shall not be unlawful on any sidewalk, street, or any other public place in the city for any person to hand out or distribute any commercial or noncommercial handbill or other hand distributed advertisement to any person willing to accept it.

(b) It shall be unlawful for any person to drop, deposit, or distribute any commercial or noncommercial handbill or other hand-distributed advertisement, *in or upon any private premises within the city*, except by handing and transmitting any such handbill or advertisement directly to the owner, occupant or other person then present in or upon such private premises, or by so placing or depositing

said handbill or advertisement so as to secure and prevent same from being blown or carried about by the elements from any such premises to other public or private places. This subsection does not apply to those commercial or noncommercial handbills or other hand-distributed advertisements which the owner or occupant of the premises has given permission to be delivered to the owner or occupant of the premises or for which the owner or occupant of the premises has otherwise contracted for, solicited for, or otherwise authorized the placing or depositing of such handbills or advertisement upon the premises.

(c) It shall be unlawful for any person to place or deposit any commercial or noncommercial handbill or other hand distributed advertisement *upon any vehicle not his own, or in his possession, upon any public street, highway, sidewalk, road, or alley within the city*, providing, however, that it shall not be unlawful upon any such street or other public place for a person to hand out and distribute to the receiver therefor, any handbill to any occupant of the vehicle that is willing to accept it. [Emphases added.]

A cursory reading of Ordinance § 14-51 reveals that subsections (a) and (c) address the regulated activity when it occurs in or upon the *public* property enumerated therein, whereas subsection (b) addresses the regulated activity when it occurs in or upon *private* premises. Only subsection (c) expressly addresses the regulated activity when it involves placing literature upon vehicles. Appellants contend they have "standing to challenge Sub-section (c) of the Ordinance since they were found guilty of violating the Ordinance by placing [literature] on parked automobiles." The state disagrees and asserts appellants were convicted under subsection (b) because their conduct occurred on private premises.

The record contains no ruling regarding whether appellants' conduct occurred on public property, private premises, or both, within the meaning of Ordinance § 14-51. The evidence introduced at trial showed that appellant Laudan was arrested by an off-duty police officer who observed him placing religious tracts on the windshields of unoccupied vehicles parked in the parking lot of the Sutherland Lumber Company in Fort Smith. The evidence

introduced at trial showed that appellant Moan was arrested pursuant to a report made by the owner and manager of Ci-Ci's Pizza in Fort Smith, who testified he observed Moan placing copies of religious tracts "on a row of vehicles immediately to my right between my pizza place and Dr. Burd's veterinarian clinic," after another restaurant employee reported to him that Moan was putting handbills on the windshields and sticking them through the open windows of vehicles parked in the restaurant's parking lot. No finding of fact was made as to whether the parking lots were public property or private premises within the meaning of Ordinance § 14-51.

■ Our review must be limited to those subsections of Ordinance § 14-51 that were violated by appellants' actions. *See United States v. Grace*, 461 U.S. 171, 175 (1983) (limiting its affirmance of the lower appellate court's holding purporting to declare a federal statute unconstitutional in its entirety to that portion of the statute actually violated by the appellants' conduct). On this record, however, we cannot determine which subsections of Ordinance § 14-51 were violated by appellants, and we will not speculate as to that determination.

■ The burden of providing a record sufficient to show that reversible error occurred was upon appellants. *Gidron v. State*, 316 Ark. 352, 872 S.W.2d 64 (1994). We conclude appellants have failed to carry their burden in this matter. Ordinance § 14-51 is presumed to be constitutional and the burden of showing its invalidity was upon appellants. *Board of Adj. of Fayetteville v. Osage Oil & Transp., Inc.*, 258 Ark. 91, 522 S.W.2d 836 (1975); *accord Mt. Olive Water Ass'n v. City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993) (holding that a municipal ordinance is entitled to the presumption of validity that legislative enactments ordinarily receive). Appellants have failed to carry the burden in this matter, as well.

Affirmed.