Melvin DULANEY *v.* STATE of Arkansas

CR 96-821                                                937 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered January 13, 1997

*Cortinez Law Firm,* by: *Christopher D. Anderson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Melvin Dulaney was convicted by a jury of possession of cocaine with the intent to

deliver, being a felon in possession of a firearm, and simultaneous possession of drugs and a firearm. For these crimes, Dulaney received a cumulative sentence of thirty-four years' imprisonment. On appeal, Dulaney contests the sufficiency of the evidence to support his convictions for being a felon in possession of a firearm and simultaneous possession of drugs and firearms.

On May 4, 1995, a confidential informant working with the Arkansas Drug Task Force bought crack cocaine from Melvin Dulaney while inside Dulaney's home. The police used this information to obtain a search warrant for Dulaney's residence. On May 5, 1995, three officers from the Drug Task Force executed the warrant and found in Dulaney's home a twelve-gauge shotgun, a .22 caliber pistol, four marijuana cigarette butts, a four-gram bag of cocaine, rolling papers, and a pager. The police also found a real estate rental contract that established that Dulaney was the lessee of the searched premises where he resided with his two daughters and his fiancee.

After a jury trial, Dulaney was convicted and sentenced to seven years for possession of cocaine with the intent to deliver, five years for possession of cocaine, five years for being a felon in possession of a firearm, and seventeen years for simultaneous possession of drugs and a firearm. We affirm the convictions and sentences.

For his sole argument on appeal, Dulaney challenges the sufficiency of the evidence to support two of his convictions; however, he did not preserve the issue for appellate review. In his motion at the end of the State's case-in-chief, his attorney said, "At this time, I would like to make a request for a directed verdict." At the close of all evidence, Dulaney failed to renew his motion for a directed verdict.[1]

---

[1] In his abstract and brief, Dulaney alleges that he renewed his motion for a directed verdict at the close of all evidence presented. However, no such motion appears in the official record on appeal. On November 15, 1996, Dulaney's attorney tendered a "Supplemental Record" which allegedly contained the renewed motion. However, Dulaney's attorney failed to file a motion to make the tendered Supplemental Record part of the official record. Therefore, the supplemental record and Dulaney's renewed motion allegedly contained therein are not part of the official record on appeal and cannot be

■ In order to preserve for appeal the issue of the sufficiency of the evidence, an appellant must make a motion for a directed verdict at the close of the State's case *and* renew this motion at the close of all evidence presented. *Tolbert v. State*, 316 Ark. 671, 874 S.W.2d 371 (1994); *Cummings v. State*, 315 Ark. 541, 869 S.W.2d 17 (1994). These requirements are not only well established in case law, but are also clearly spelled out in the applicable rule that states:

> When there has been a trial by jury, the failure of the defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and *again at the close of the case* because of insufficiency of the evidence will constitute a waiver of any questions pertaining to the sufficiency of the evidence to support the jury verdict. A motion for a directed verdict based on insufficiency of the evidence *must specify the respect in which the evidence is deficient*; a motion merely stating that the evidence is insufficient for conviction does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

Ark. R. Crim. P. 33.1 (1996) (emphasis added).

■ This court is also barred from addressing this issue because Dulaney did not make a specific motion for a directed verdict as required by Ark. R. Crim. P. 33.1. This court has held on numerous occasions that Rule 33.1 requires the appellant to make a specific, not general, motion for a directed verdict in which the appellant clearly enunciates the proof of the element of the crime that is alleged to be missing. *Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996); *Lovelady v. State*, 326 Ark. 196, 931 S.W.2d 430 (1996).

Although Dulaney admits to his failure to make a *specific* motion, he asks this court to create an exception to this requirement which is found at Ark. R. Crim. P. 33.1. Specifically, Dulaney argues that this court's strict adherence to the specific-motion requirement deprives him of his constitutional right to due process of law.

---

considered by the court on appeal. *H.A. Adams v. Owen*, 316 Ark. 99, 870 S.W.2d 741 (1994).

■ We do not address this argument as the issue was not properly preserved below nor was it argued to the trial court. We have repeatedly held that this court will not address arguments, even constitutional arguments, raised for the first time on appeal. *Mayo v. State*, 324 Ark. 328, 920 S.W.2d 843 (1996).

Affirmed.