Danny SMITH *v.* STATE of Arkansas

CR 96-684                                        943 S.W.2d 234

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Thurman Ragar, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Danny Smith was convicted of raping his seven-year-old daughter, and was sentenced to

thirty-five years' imprisonment. At trial, the State presented descriptive testimony of the rape and medical proof confirming it, and Smith does not challenge that evidence on appeal. Instead, the two points he raises are, one, his counsel provided ineffective assistance at trial because counsel failed to advise him to testify, and two, the trial judge erred in refusing to allow Smith to introduce extrinsic evidence to challenge testimony given by a cellmate, Larry Green.

■ Smith failed to preserve his first argument. In order for a defendant to present an ineffective assistance of counsel claim on direct appeal, he must have first presented that claim to the trial court during the trial or in a motion for a new trial. *Johnson v. State*, 325 Ark. 44, 924 S.W.2d 233 (1996); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). Here, Smith did neither.

Smith's second point arises from State testimony given at trial by Larry Green, a cellmate who related a conversation he claims to have overheard between Smith and another cellmate, Karim Akbar. Green testified that Smith told Akbar that incest was not a sin before God, because it was done in the Bible, that the prosecution could not prove he hurt his daughter because she could have fallen and hurt herself, and that, if he had not been drinking and doing drugs, it probably would not have happened.

Smith's counsel attacked Green's credibility on cross-examination, and asked him whether he had any charges pending against him. Green answered he was unaware of any and explained he had been incarcerated because he had violated California parole. Smith then told the judge that he would like to call the circuit clerk concerning charges Smith asserted were pending against Green in Crawford County. The judge refused Smith's request which Smith claims was error.

■ In *Kellensworth v. State*, 275 Ark. 252, 631 S.W.2d 1 (1982), this court stated the general rule that a witness cannot be impeached on a collateral matter by calling another witness to contradict the testimony of the first witness. The court explained the reason for the rule is that to permit such a tactic would only distract the jury from the main issue, waste time, and prejudice a defendant. However, this court has held that a matter is not col-

lateral if the evidence offered is relevant to show bias, knowledge, or interest. *Dansby v. State*, 319 Ark. 506, 893 S.W.2d 331 (1995). In other words, if a witness denies or does not fully admit the facts claimed to show bias, the attacker has a right to prove those facts by extrinsic evidence. *Id.* at 519-520.

In the present case, Smith offered no evidence showing bias on Green's part, and failed to explore that issue on cross examination. Rather, Smith merely sought to challenge Green's denial that any charges were pending against him in Arkansas by offering the circuit clerk's testimony to the contrary. Because Smith fails to show any bias, knowledge, or interest on Green's part, we conclude the trial court did not abuse its discretion in excluding Smith's proffer of the clerk's testimony.

We affirm.