Monroe McGHEE *v.* STATE of Arkansas

CR 97-195                                954 S.W.2d 206

Supreme Court of Arkansas
Opinion delivered October 2, 1997

*Steve Inboden*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Monroe McGhee appeals the judgment of the Mississippi County Circuit Court, Chickasawba District, convicting him of possession of a controlled substance (cocaine) with intent to deliver, first-degree battery, simultaneous possession of drugs and firearms, and being a felon in possession of a firearm. The trial court sentenced Appellant to a total of forty years' imprisonment. In addition, the trial court revoked Appellant's probation in a prior case and sentenced him to a concurrent term of ten years' imprisonment. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant raises five points for reversal, none of which has merit.

The record reveals the following facts. On February 14, 1996, Appellant shot Clifton Robinson in the throat, apparently in retaliation for shots being fired approximately one hour earlier at a vehicle in which Appellant's cousin was riding. Persons present at the scene informed police officers that Appellant was the person who shot Robinson. Robinson later confirmed that it was Appellant who had shot him. Officers arrested Appellant the following day and recovered a gun from him and numerous bags of marijuana and crack cocaine from his pockets.

## Motions for Continuance and Severance of Offenses

Appellant's first two points for reversal are that the trial court erred in denying defense counsel's motions for a continuance and for severance of the offenses. Both of the motions were made by defense counsel during a pretrial hearing, and both were objected to by Appellant.

Defense counsel requested a continuance on the grounds that he had only recently been appointed to handle Appellant's case and he wanted more time to prepare for trial. Counsel indicated that Appellant had given him a list of seven or eight witnesses and that he needed more time to interview them. Appellant informed the trial court that he was ready for trial and did not want a continuance. He stated that he had been in jail awaiting trial for nine months and that he did not want to wait any longer. He stated that he was pretty sure that he could explain his case to the jury in about one and one-half hours, and that if he was convicted, "just let it lie like that." In response to inquiry by the trial court, Appellant stated that he was aware of the seriousness of the charges against him and that he knew he could receive a sentence of life imprisonment. He stated that he was willing to take that chance and proceed to trial. He also indicated that he really only needed three of the witnesses that he had listed for defense counsel. At that point in the discussion, defense counsel indicated that he could have the case ready to go as scheduled, and that he had a copy of the State's file and he understood the State's theory of the case.

As to the severance motion, defense counsel moved to sever the charge of first-degree battery, pertaining to the shooting of Robinson, from the remaining charges, which resulted from Appellant's arrest the day after the shooting. Appellant again expressed his desire to proceed to trial as scheduled on all charges. He stated that the reason he was charged with the subsequent offenses was because of the shooting of Robinson, and that he wanted to have all the charges tried at the same time. In response to questions from the trial court, Appellant stated that he understood that being tried on five or six different charges at once may prejudice his case. He stated further that he understood that his

punishment may be harsher, even if he was only convicted of one charge, because the jury would be aware of the other charges.

The trial court denied the motion for continuance on the ground that it was Appellant's right to have a trial and that he had made the decision to proceed with the trial knowing that his counsel wished for more time to prepare. Likewise, the trial court denied the motion to sever on the ground that Appellant wanted all the charges tried at the same time and was willing to risk any prejudice to his case. Appellant now argues that the trial court erred in denying both motions. We disagree.

■ ■ We adhere to the familiar principle that a defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996); *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996). Under the doctrine of invited error, one who is responsible for error cannot be heard to complain of that for which he was responsible. *Morgan v. State*, 308 Ark. 627, 826 S.W.2d 271 (1992). Appellant chose to proceed to trial as scheduled, knowing that defense counsel wanted more time to prepare his defense. Appellant further chose to have all the offenses tried at once, after being warned of the potential consequences of being tried on multiple charges simultaneously. Appellant's decision to be tried on all the charges at once, without delay, was thus made with the knowledge and understanding that he was facing serious felony charges and that he could receive a sentence of life imprisonment. Hence, we conclude that Appellant has waived any challenge on appeal to the trial court's denial of both motions.

*Suppression of Evidence*

For his third point for reversal, Appellant argues that the trial court erred in denying his motion to suppress physical evidence, which he alleged was gathered as a result of the issuance of an invalid arrest warrant. He argues further that officers lacked the authority to enter Fred Gay's residence to arrest Appellant. We do not address the merits of these arguments, as Appellant has failed to demonstrate that he obtained a ruling from the trial court on his motion to suppress.

■ Where the abstract does not reveal that a ruling was obtained from the trial court, this court will not address the issue on appeal. *See Bayless v. State*, 326 Ark. 869, 935 S.W.2d 534 (1996). The burden of providing a record sufficient to demonstrate that reversible error occurred is upon the appellant. *Laudan v. State*, 322 Ark. 58, 907 S.W.2d 131 (1995). Without the trial court's ruling, this court has no basis for a decision and is, thus, precluded from a review of the issue. *See Hood v. State*, 329 Ark. 21, 947 S.W.2d 328 (1997); *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996); *Donald v. State*, 310 Ark. 197, 833 S.W.2d 770 (1992). Appellant's failure to obtain a ruling on his motion to suppress is fatal to this claim.

### Simultaneous Possession of Drugs and Firearms

Appellant's fourth and fifth points for reversal pertain to his conviction for the charge of simultaneous possession of drugs and a firearm. Arkansas Code Annotated § 5-74-106(a)(1) (Repl. 1993) provides that a person who commits a felony violation of § 5-64-401 (controlled substances) while in possession of a firearm is guilty of a Class Y felony. Appellant first argues that there was insufficient evidence to convict him of this crime because the State failed to produce evidence of gang-related activity. He argues that because the offense is situated within the subchapter known as the "Arkansas Criminal Gang, Organization, or Enterprise Act," it is necessary for the State to produce evidence of gang-related activity for every offense contained within that subchapter. We recently disposed of this argument in *State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997).

■ In *Zawodniak*, the defendant moved for a directed verdict on the ground that the State had failed to prove that he was involved in criminal gang activity. The trial court agreed and granted the motion. On appeal, we held that the defendant's and the trial court's reading of section 5-74-106 was contorted and failed to give the language of that statute its plain meaning. We stated that this court is very hesitant to interpret a legislative act in a manner contrary to its express language, where there is no drafting error or omission that may have circumvented the legislature's intent. We held further that the statute not only serves the pur-

pose of deterring organized gang and criminal activities, but also serves the broader purpose of curtailing any person's use of a firearm when he or she is involved in the illegal possession or trafficking of controlled substances. Accordingly, we conclude that the trial court did not err in denying Appellant's motion for directed verdict on this charge.

■ Appellant's second argument is that section 5-74-106 is unconstitutionally vague and is therefore void. We do not reach the merits of this contention, as Appellant's abstract does not demonstrate that the argument was raised below. This court has repeatedly held that it will not address arguments, even constitutional arguments, raised for the first time on appeal. *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997); *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997); *Mayo v. State*, 324 Ark. 328, 920 S.W.2d 843 (1996).

Affirmed.