Leslie Lee WALKER *v.* STATE of Arkansas

CR 97-172                                      955 S.W.2d 905

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*Sharon Carden Streett* and *Cheryl Vogelpohl Upshaw*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Leslie Lee Walker appeals the order of the Sevier County Chancery Court, Juvenile Division, adjudicating him delinquent and placing him in the custody of the Division of Youth Services, with the recommendation that he be placed in the training school. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(17)(iv) & (v). Appellant raises four points for reversal. We affirm.

On April 11, 1996, a petition was filed in juvenile court alleging that Appellant had committed second-degree assault against a teacher's aide at the Lockesburg school. Prior to the hearing, the juvenile court granted Appellant's motion for a mental evaluation to determine his mental competency to stand trial and to appreciate the wrongfulness of his conduct. A psychological report dated October 3, 1996, reflected that Appellant understood the proceedings against him, was able to assist in his own defense, was aware of the criminality of his conduct, and could have conformed his conduct to the requirements of the law

at the time of the alleged incident. Appellant was diagnosed as having attention deficit hyperactivity disorder of mixed type, arithmetic learning disability, learning disorder of written expression, and conduct disorder of oppositional type.

A hearing was held on October 29, 1996, and Appellant was adjudicated delinquent for having committed the offense of second-degree assault. Appellant was placed on probation for a period of one year and was ordered to enroll in and complete the Arkansas National Guard's Civilian Student Training Program (CSTP). Additionally, Appellant was ordered to stay away from the Lockesburg school campus and to pay thirty-five dollars court costs. The juvenile judge noted in the order that if Appellant should commit any offenses in the future, he should be charged as an adult in circuit court.

Subsequent to the hearing, the trial court became aware that Appellant's mother had refused to sign the necessary Power of Attorney for Appellant's placement in CSTP. Upon motion of the prosecutor, the trial court set a show cause hearing for Appellant's mother for November 21, 1996. A hearing was held and the resulting order reflected that the trial court resentenced Appellant at the request of his mother and his attorney, placing him in the custody of the Division of Youth Services. The order reflected further that upon his release from the Division of Youth Services, Appellant was to be placed in the custody of the Department of Human Services, with the recommendation that he be placed in the training school. It is from this order that Appellant appeals.

■ ■ We first consider Appellant's argument regarding the sufficiency of the evidence, as the double jeopardy clause precludes a second trial when a judgment of conviction is reversed for insufficiency of the evidence. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). Although Appellant did not move for a directed verdict below, his challenge to the sufficiency of the evidence is preserved for appeal, as it is not necessary to make such a motion during a nonjury trial. *See Mackey v. State*, 329 Ark. 229, 947 S.W.2d 359 (1997); *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to

the State and consider only that evidence which supports the verdict. *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Id.* This court does not, however, weigh the evidence presented at trial, as this is a matter for the factfinder. *Id.* Nor will this court weigh the credibility of the witnesses. *Id.* Appellant argues that there was insufficient evidence to support the trial court's determination that he had committed second-degree assault. We disagree.

During the hearing below, the State presented the testimony of two witnesses: Sandra McWhorter and Wanda Bishop. McWhorter, a teacher's aide at Lockesburg school, testified that on March 5, 1996, she was trying to leave school when Appellant blocked the double doorway. She stated that she was trying to go out the left side of the door when Appellant blocked her path. She stated that she then proceeded to go out the right side of the door when Appellant pushed her from the back. She stated that she stumbled for a couple of steps on the concrete sidewalk, but that she did not actually lose her balance and fall to the ground. She stated that she was both surprised and scared by the incident.

Bishop, a teacher at Lockesburg school, testified that she had witnessed the pushing incident. She stated that Appellant was inside the double doorway and that he had the door blocked with his arms spread. She stated that McWhorter tried to exit the building on the first side, but that Appellant would not let her pass. She stated that McWhorter then went to the right side of the door and barged through, and that Appellant then turned around and pushed McWhorter with his right hand. She stated that McWhorter stumbled, but caught her balance. She stated that she saw no indication as to why Appellant had pushed McWhorter.

Arkansas Code Annotated § 5-13-206(a) (Repl. 1993) provides that a person commits second-degree assault if he "recklessly engages in conduct which creates a substantial risk of physical injury to another person." Ark. Code Ann. § 5-2-202(3) (Repl. 1993) provides that a person acts recklessly when he "consciously

disregards a substantial and unjustifiable risk. . . . The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]"

■ ■ In viewing the evidence presented below in a light most favorable to the State, we are satisfied that there was sufficient evidence to support the trial court's conclusion that Appellant had committed the act of second-degree assault. Appellant's actions in pushing McWhorter from behind were, at the very least, reckless, and they created a substantial risk that McWhorter would be physically injured. It is of no consequence to Appellant's argument that McWhorter was able to regain her balance before falling on the concrete sidewalk. The fact that Appellant's actions created a substantial risk that she could have fallen on the concrete and injured herself is sufficient to sustain the trial court's findings.

For the second point for reversal, Appellant argues that his trial counsel was ineffective in failing to present evidence concerning his disabilities and in failing to seek a prior federal administrative determination under the Individuals with Disabilities in Education Act. Appellant argues that A.R.Cr.P. Rule 37 does not apply to delinquency proceedings in juvenile court and that, consequently, juvenile delinquents have no recourse in which to raise the issue of the ineffective assistance of counsel. We disagree.

■ We first observe that the Arkansas Rules of Criminal Procedure apply to juvenile delinquency proceedings. Ark. Code Ann. § 9-27-325(f) (Supp. 1995); *Mason v. State*, 323 Ark. 361, 914 S.W.2d 751 (1996). Additionally, we point out that Rule 37 is applicable to juvenile proceedings pursuant to section 9-27-325(f), but that the remedy under that rule is available to such juvenile defendants only when they are in custody. *Id.* Notwithstanding that condition precedent for proceeding under Rule 37, this court has generally recognized that claims of ineffective assistance of counsel are cognizable on direct appeal, providing that the appellant first presented the claim to the trial court during the trial or in a motion for a new trial. *Smith v. State*, 328 Ark. 249, 943 S.W.2d 234 (1997); *Johnson v. State*, 325 Ark. 44, 924 S.W.2d 233 (1996); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993).

We will not, however, consider such a claim unless the surrounding facts and circumstances were fully developed either during the trial or during other hearings conducted by the trial court. *Chavis v. State*, 328 Ark. 251, 942 S.W.2d 853 (1997). Thus, as these cases reveal, Appellant's argument that juveniles who are not in custody have no avenue in which to pursue claims of ineffective assistance of counsel is without merit.

■ In the present case, however, we do not review Appellant's claim of counsel's ineffectiveness because he failed to raise the issue in the trial court, either at the time of the adjudication or in a subsequent motion for new trial. Because of this failure, the facts and circumstances surrounding the claim were not fully developed by the trial court. Without the benefit of such facts and circumstances, this court cannot assess whether trial counsel's performance fell below that standard required by the Sixth Amendment to the United States Constitution. "As the trial court is in the best position to evaluate trial counsel's performance and competency, an order reciting its findings is necessary to enable us to conduct a meaningful review of the claim." *Dodson v. State*, 326 Ark. 637, 644, 934 S.W.2d 198, 202 (1996).

■ For the third point for reversal, Appellant argues that the trial court exceeded its authority by: (1) turning the show cause hearing for his mother into a revocation hearing without prior notice to Appellant; (2) making prejudicial comments on the record; and (3) ordering the prosecutor to file all future charges against Appellant as an adult. We do not reach the merits of any of these arguments, as Appellant failed to raise them in the trial court. This court has repeatedly stated that we will not address any claims, even constitutional claims, raised for the first time on appeal. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997); *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997). Even a constitutional claim of lack of notice will not be considered by this court for the first time on appeal. *In re Adoption of K.F.H. and K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993).

■ Additionally, as to Appellant's first assertion, that he was not given proper notice that revocation would be considered

before he was resentenced, the record demonstrates that Appellant's counsel not only failed to object, he agreed with the court's decision to resentence Appellant at that time. Moreover, the trial court's order reflects that Appellant was resentenced at the request of his mother and his attorney. A defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. *McGhee*, 330 Ark. 38, 954 S.W.2d 206; *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996); *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996).

Appellant's final point for reversal is that the trial court abused its authority in sentencing Appellant to the training school. Appellant argues that this disposition was excessive because he was a first-time offender and because the punishment does not fit the crime. The State contends that because Appellant does not challenge the trial court's authority to impose such a sentence, his argument should not be reached on appeal because he failed to raise it in the trial court. We agree with the State's contention.

██ ██ This court treats allegations of void or illegal sentences similar to problems of subject–matter jurisdiction in that we review such allegations whether or not an objection was made in the trial court. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). A sentence is void when the trial court lacks the authority to impose it. *Id.* Here, Appellant does not assert that the trial court was without authority to order that Appellant be sent to the training school; rather, he argues only that the trial court's sentence was excessive for a first offender. Thus, because Appellant does not challenge the legality of his sentence, it was necessary that he first raise the issue with the trial court in order to preserve the argument for appeal.

Affirmed.