Dechay WILSON *v.* STATE of Arkansas

CR 97-873                                                    962 S.W.2d 805

Supreme Court of Arkansas
Opinion delivered February 26, 1998

*Claudell Woods,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly S. Terry,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Dechay Wilson stands convicted of theft of property, residential burglary, aggravated robbery, and rape. A jury fixed his sentence at one year for theft and thirty years for burglary. Because the jury could not agree on a sentences for aggravated robbery and rape, the Trial Court sentenced Mr. Wilson for those offenses. The sentences were imprisonment for life for rape and sixty years for aggravated robbery. Mr. Wilson argues that the evidence was insufficient to support a finding of guilt. We reject this argument due to the testimony of Mr. Wilson's accomplice that Mr. Wilson committed the crimes and corroborating scientific evidence. Mr. Wilson also contends that the Trial Court erred in sentencing him to life in prison.

Although Mr. Wilson makes several arguments in support of that contention, we decline to review all but one of them, as they were not made to the Trial Court. We consider only the argument that the Trial Court should not have sentenced Mr. Wilson due to the Trial Court's awareness that he was not co-operating with defense counsel. The judgment is affirmed.

Helen Morris, the sixty-nine-year-old victim, testified that on the night of April 20, 1996, she was dozing in her living room after coming home from work. She noticed that some items in the room looked as if they had been moved, but she did not see anyone. Then, she saw two men standing in her dining room. One was taller than the other, and each wore something over his head. Mr. Wilson is about the size of the shorter of the two. They asked her where her money was and told her to be still. One threw a quilt over her head while they went through her house and threw items around. After the two men rummaged through her house, the shorter man raped her. Then, the taller man raped her. After raping her, they forced her to look for her purse. When she found the purse, the shorter man grabbed it, emptied it, and counted the money. They left her home with the money.

After the police arrived at Ms. Morris's home, a family member took her to the hospital where she was examined. Oral, vaginal, and rectal swabs, a saliva disk, a blood tube, and pubic hairs were collected.

Jared Woodley, who had pleaded guilty to theft, residential burglary, aggravated robbery, and rape, initially testified that Mr. Wilson did not accompany him. He admitted, however, that in two prior statements to investigating officers and when he entered his guilty plea, he said that Mr. Wilson went with him to the home of Ms. Morris, and that Mr. Wilson stole her money and raped her. Ultimately, Mr. Woodley gave detailed testimony about his and Mr. Wilson's acts, including raping Mrs. Morris and stealing her money at knife point.

Kermit Channell, DNA supervisor for the State Crime Laboratory, testified that the DNA that he recovered from the rectal swab was consistent with the DNA that was recovered from the blood sample from Mr. Wilson. He testified that the probability of

someone else leaving that particular stain on the rectal swab is approximately one in 210,000 in the black population. He testified that the DNA that was extracted from the vaginal swab was consistent with DNA from Mr. Wilson, and the probability of someone else leaving that semen would be one in 160,000,000 in the black population. He testified that the population numbers for the rectal swab and the vaginal swab differ because, with the rectal swab, he only obtained results from six of seven possible tests due to a degradation of a particular chromosome, but with the vaginal swab, he obtained results from all seven tests.

Donald E. Smith, a criminalist with the State Crime Laboratory, testified that he discovered a hair fragment in Ms. Morris's home that, in his opinion, was a pubic hair from Mr. Wilson.

### 1. Sufficiency of the evidence

Following the State's presentation of its case, defense counsel moved for a directed verdict by stating the following:

> Judge, I move for a directed verdict and the basis for that is that there's been an insufficient amount of evidence produced at this point by the prosecution to support their charges or to support it going to a jury of the charges that the defendant committed the acts of rape, aggravated — I'm sorry, aggravated robbery, theft of property or burglary. *And the basis for this the disparity between the amount of evidence collected versus that actually that purports to point to the defendant as the person committing the acts.* (Emphasis added.)

The Trial Court denied the motion. The renewed motion was also denied.

Mr. Wilson argues that the Trial Court erred in denying his motion for a directed verdict because the only evidence that tended to incriminate Mr. Wilson was not credible based on the following: (1) Mr. Woodley gave varying statements about Mr. Wilson's participation; (2) the scientific evidence was not sufficiently specific; and (3) the victim was unable to identify the appellant.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State

and consider only the evidence that supports the verdict. *Walker v. State*, 330 Ark. 652, 955 S.W.2d 905 (1997). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Id.* We do not, however, weigh the evidence presented at trial, as that is a matter for a factfinder. *Id.* Nor will we weigh the credibility of the witnesses. *Id.*

■ The State contends that Mr. Wilson's sufficiency argument is not preserved for our review because his motion for directed verdict was not sufficiently specific. A motion for a directed verdict in a criminal case must state the specific ground of the motion. *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994), interpreting Ark. R. Crim. Pro. 36.21 (now Rule 33.1). Rule 33.1 provides:

> . . . A motion for a directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient; a motion merely stating that the evidence is insufficient for conviction does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. . . .

*See Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997).

■ ■ Mr. Wilson's motion sufficiently specified that the evidence was insufficient for a conviction because the element of identity was missing. *See Green v. State*, 310 Ark. 16, 832 S.W.2d 494 (1992). The Trial Court did not err in denying Mr. Wilson's directed verdict motion in view of the scientific evidence and the testimony of Mr. Woodley.

## 2. Sentencing

Mr. Wilson argues that the Trial Court erred in sentencing him to life imprisonment. There is no contention that it was error for the Trial Court to assume the sentencing role after the jury reported its inability to reach a sentence on two of the offenses of which Mr. Wilson stood convicted. Rather, the objection had to do with the Trial Court's awareness that defense counsel had experienced difficulties in representing Mr. Wilson due to his failure to cooperate; apparently an argument of bias. At a pretrial

proceeding, defense counsel stated that Mr. Wilson had not cooperated with him in planning a strategy for trial or in compiling a witness list to support Mr. Wilson's claim that he had an alibi. The Trial Court stated that his knowledge of that fact would have nothing to do with his decision.

The Trial Court pronounced the sentences of thirty years for residential burglary and one year in the Nevada County jail for theft of property, in accordance with the jury's recommendations. He then sentenced Mr. Wilson to life imprisonment for the rape conviction and to sixty years for the aggravated robbery conviction.

■ Mr. Wilson's sentencing argument is without merit. There is no evidence that defense counsel's statements at the pretrial proceeding caused the Trial Court to be prejudiced against Mr. Wilson.

■ Finally, on this point, we note that, although the sentences for aggravated robbery and rape are to be served consecutively, the one-year misdemeanor theft sentence is to be served concurrently with the thirty-year sentence for burglary. It thus will be satisfied by service of the felony sentence. *See* Ark. Code Ann. § 5-4-403(c) (Repl. 1997); *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986).

### 4. Rule 4-3(h)

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for erroneous rulings prejudicial to Mr. Wilson, and none has been found.

Affirmed.