LANCASTER *v.* STATE.

4246                                                      161 S. W. 2d 201

Opinion delivered April 27, 1942.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J.   On October 10, 1941, Marcus Fietz, prosecuting attorney within and for the judicial circuit of the state of Arkansas, of which Mississippi county is a part, filed an information against appellant in the circuit court of Mississippi county, Osceola district, charging him with larceny of two mules on the 8th day of June, 1941, in said district and county, of the value of $300, property of Clem Whistle.

The cause was tried by a jury on the 21st day of October, 1941, under correct instructions on the testimony introduced by appellee and appellant, resulting in a conviction as charged in the information and his punishment was fixed at five years in the state penitentiary, from which an appeal has been duly prosecuted to this court.

The testimony introduced by appellee in support of the conviction was circumstantial.   Appellant did not testify himself nor introduce any evidence in the trial of the cause and relies for a reversal of the judgment upon the alleged insufficiency of the state's testimony to support the verdict of conviction.

The applicable rule of law is that this court will not, on appeal, disturb a verdict of a jury if there is any substantial evidence in the record supporting same. It was said by this court in the case of *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26, that: ". . . it is also a well-settled rule that the evidence at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, it will be sustained."

Appellant contends that the testimony in the instant case is not substantial because based upon circumstantial evidence alone.   It was said by this court in *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186, that: "They [re-

ferring to the jury] are bound by their oaths to render a verdict upon all the evidence, and the law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of the fact may be inferred.''

The record reflects by the undisputed testimony that two mules belonging to Clem Whistle were stolen out of his lot on his farm on the night of June 8, 1941, being taken out of the lot across the farm for about one mile to a highway. This was shown by the tracks of the mules and the tracks of the person with them. The tracks were easily followed because they were made after the rain that night. The tracks stopped at the bank adjoining the highway. At this point truck tracks were made in the bank by a truck with dual rear wheels. One set of the rear wheels did not have any tires on them and they made cut marks on the bank. No mule tracks could be found beyond that point. The reasonable inference is that the mules were loaded into a truck at this point, or bank, which had backed into the bank adjacent to the highway.

Manual Toles, who lived on Whistle's farm and who worked for him, testified that as he returned to the farm on the night the mules were stolen he met a truck with tandem axles and with tires off of the back set of dual wheels about one quarter of a mile from the barn where the mules were.

Hayward Hughes testified that he saw appellant on the Sunday afternoon before the mules were stolen Sunday night in a new Chevrolet truck with a green body; that it had dual wheels and an extra set of dual wheels behind it; that he went to a picture show that Sunday night, and as he was going back home he met this same truck about a quarter of a mile from Whistle's place coming away from the direction of the mule barn; that the wheels of the truck he saw that night all had tires on them except one pair; that the truck had sideboards on it which looked to be six or seven feet high and were solid, and there were no cracks in the end gate.

Paul Tucker, a constable in Craighead county, testified that he arrested appellant several days after the

mules were stolen, and appellant asked him to let him drive his truck down to his father's home and leave it; that the tires were off of one set of the dual wheels when he attempted to arrest appellant; that instead of taking the truck down to his father's home he absconded with the truck while he (witness) was putting out a fire that started in his car about the time he was attempting to arrest appellant; that appellant was not found for six or seven weeks when he was finally picked up in Paragould.

Hale Jackson, sheriff of Mississippi county, testified that he went to Detroit, Michigan, looking for appellant and sent word to the officers of Paragould to arrest him if found there.

There is no question that the mules were stolen on Sunday night by someone and it is reasonably inferable that they were loaded into a truck about a mile from the barn which had backed up to the bank adjacent to the highway. The positive evidence shows that this truck made indentations on the bank which reflected that two tires were off two of the back wheels. The positive evidence also shows that appellant was seen in a truck of that kind on Sunday afternoon before the mules were stolen on Sunday night with the tires off of two of the back wheels; that a truck of the same description was seen Sunday night about a quarter of a mile from the barn with high sideboards on it and with no cracks in the end gate. The positive evidence also shows that when appellant was first apprehended by the constable he was in a truck of the same kind, that is, one with the tires off of two of the rear wheels. The positive evidence also shows that he asked permission to take the truck to his father's home, but instead of doing so he absconded with the truck while the constable was putting out a fire in his own car, which prevented him from following appellant, and that appellant could not be found and was not arrested until six or seven weeks thereafter.

We think the circumstances detailed above are substantial and sufficient to connect appellant with the crime charged.

No error appearing, the judgment is affirmed.