KARR *v.* STATE.

4868                                   301 S. W. 2d 442

Opinion delivered April 29, 1957.

778

*Claude F. Cooper,* for appellant.

*Bruce Bennett, Atty. Gen.; Ben J. Harrison, Asst. Atty. Gen.,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant was convicted of the crime of false pretense under Ark. Stats. Sec. 41-1901 by falsely and fraudulently obtaining the signatures of two cosigners on his promissory note for $3,000. His punishment was fixed at three years in the penitentiary.

The principal contention for reversal is that the evidence is insufficient to support the verdict. Appellant resided in Blytheville, Arkansas, in 1952 when he procured a franchise as a salesman or distributor of farm machinery and equipment for the Winpower Manufacturing Company of Newton, Iowa, upon a commission basis. He maintained his office in his residence and solicited orders from retail dealers in parts of Arkansas, Mississippi, Tennessee and Louisiana. The company sold forage boxes or beds which were supplied by another manufacturer under Winpower's brand name. In January or February, 1954, the company notified appellant and its other distributors that it had discontinued the sale of forage boxes.

W. L. Walker operates an insurance agency in Blytheville and J. F. Scrape is a farmer living near there. Walker had known appellant about five years in the early part of 1955 when the three men became friends

in connection with a Dale Carnegie course which they took. Walker and Scrape testified that in July, 1955, appellant solicited their assistance in a business deal upon which he stood to make a generous profit; that he represented to them that he had orders for eight forage boxes from retail dealers in Mississippi and Louisiana which had already been placed with the Winpower Manufacturing Company; and that the sum of $2,891.28 was necessary to effect the release of the equipment and the balance of a $3,000 loan was needed for traveling expenses to insure proper delivery. Acting on these representations, Walker and Scrape became cosigners on appellant's note to the First National Bank of Blytheville for $3,000 on July 23, 1955, payable in 90 days. When appellant defaulted Walker and Scrape paid the note and secured a judgment against him which remains unsatisfied. When Scrape and Walker talked to appellant after the note became due he declined to identify the dealers from whom he claimed to have orders for eight forage boxes.

F. K. Bauer, Secretary of Winpower Manufacturing Co., testified of notices to appellant in 1954 that the company had discontinued the sale of forage boxes; that the company had no orders for such equipment from appellant in July 1955; and that the last shipment of any kind to appellant's account was made on May 10, 1955.

In his testimony appellant admitted representing to Walker and Scrape that he had orders for eight forage boxes from dealers in Mississippi and Louisiana and that $2,891.28 was required to complete said orders but denied representing that the orders had been placed with the Winpower Company. Instead he stated he had orders from four dealers for eight boxes which were placed with another company and so informed Walker and Scrape; and that three of the dealers cancelled their orders for two boxes each before delivery. Shortly after procuring the loan appellant transferred the proceeds to a Memphis bank. He introduced an invoice and check for $723.32 to another company in support of his statement that he sold and delivered two forage boxes to a dealer

in Mississippi shortly after July 23, 1955. He spent the balance of the $3,000 on personal bills. Although he stated that he had documentary proof of the other three orders and cancellations, none was produced.

The false pretense which constitutes an offense under Sec. 41-1901, *supra,* is a false representation of an existing fact or past event by one who knows that it is not true and of such nature as to induce the party to whom it is made to part with something of value. *Fisher* v. *State,* 161 Ark. 586, 256 S. W. 858. The burden is on the State to prove the falsity of the representations as an essential ingredient of the offense. *Fox* v. *State,* 102 Ark. 451, 145 S. W. 228. While it was disputed by appellant, the testimony offered by the State warranted a jury finding that appellant fraudulently obtained the signatures of Walker and Scrape to the $3,000 note which they were forced to pay by falsely pretending he had orders for eight forage boxes which had already been placed with the Winpower Manufacturing Company and that the sum of $2,891.28 was necessary to effect the release of the boxes; and that such representations were false and known to be so by appellant and were relied on by Walker and Scrape in signing the note. The credibility of the witnesses was a matter for the jury and the evidence was sufficient to satisfy the requirements of the statute and sustain the verdict of guilty.

The record reflects that immediately before the first witness was called the trial court stated: "In the opening statement of Mr. Harrison for the State he stated to the jury that, he thought that the witnesses would testify in a cerain manner, to which an objection was made by Mr. Cooper for the Defendant, on the ground that this was an expression of opinion on the part of the Prosecuting Attorney, which objection was overruled and exceptions noted. Later in his opening statement Mr. Harrison, for the State, stated to the jury that he thought that the testimony of the witnesses would justify a finding of guilty by the jury. This statement was objected to by Mr. Cooper, for the Defendant, and said objection is being overruled by the Court and exceptions

noted thereto." There is nothing else in the record to indicate the nature and contents of the remarks of the prosecuting attorney in his opening statement. The principal object of the opening statement is to give the jury an outline of the evidence to be introduced by both sides and the nature of the issues to be tried. (Ark. Stats., Secs. 43-2110 and 2111). Good faith is generally the test in passing upon the conduct of the prosecuting attorney in his preliminary presentation of the case and much discretion in what may be stated is given to the trial court. *Stanley* v. *State*, 174 Ark. 743, 297 S. W. 826. We will not presume that the undisclosed remarks of the prosecuting attorney were improper and we find nothing in the court's narrative to sustain appellant's argument that counsel's statements were prejudicial or made in bad faith.

There are several assignments of error in connection with the admission or exclusion of evidence, some of which are too indefinite to ascertain what appellant was objecting to. We have carefully examined other assignments relating to certain questions asked by the prosecuting attorney which were unanswered and we find no error in the court's action in overruling appellant's objections thereto. Appellant also argues error in the court's refusal to strike the testimony of Walker and Scrape to the effect that they had a conversation with appellant after the note became due in which they asked him to identify the dealers who ordered the eight forage boxes and he failed to do so. We cannot agree that such testimony was wholly irrelevant, incompetent and immaterial to the issues in the case. The jury had a right to consider it as well as its denial by the appellant along with all the other facts and circumstances in determining guilt or innocence.

We find no prejudicial error in the record, and the judgment is affirmed.