J. D. RICHARDS III *v.* STATE of Arkansas

CA CR 79-5                                    585 S.W. 2d 375

Opinion delivered August 8, 1979
and released for publication August 29, 1979

*Paul D. Fray,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. This cause was appealed to the Arkansas Supreme Court, and by that Court assigned to the Court of Appeals pursuant to Rule 29(3) of the Arkansas Supreme Court.

J. D. Richards III was convicted by the trial court, with jury waived, of the crime of terroristic threatening under Ark. Stat. Ann. § 41-1608 and his punishment was fixed at five years in the State Penitentiary. All of the sentence except five months was suspended. He was credited with the five months spent in the county jail awaiting trial and placed on probation.

His points for reversal are without merit.

I. It is contended that it was reversible error for the court to fail to require either side to make opening statements. Ark. Stat. Ann. § 43-2110 (Repl. 1977) provides that the prosecuting attorney may make a brief opening statement of the evidence on which the State relies, and § 43-2111 (Repl. 1977) makes a like provision as to the defendant. No request for opening statements was made by either the prosecution or appellant, and the case proceeded to trial without any opening statements. The applicable statutes in using the word "may" indicate that opening statements are permissible and not mandatory. *Gregory* v. *Colvin,* 235 Ark. 1007, 363 S.W. 2d 535. The trial being before the court without a jury and there being no request for an opening statement, it was within the

court's discretion to proceed with the trial without opening statements. Failure of the court to require opening statements did not violate appellant's Federal Constitutional right to a fair trial.

II. Appellant questions whether the statute here involved is violated absent the threat being communicated by the accused directly to the person threatened. Ark. Stat. Ann. § 41-1608 (1) reads:

> "A person commits the offense of terroristic threatening if with the purpose [of] terrorizing another person he threatens to cause death or serious physical injury or substantial property damage to another person."

There is no language in the statute indicating the threat must be communicated by the accused directly to the person threatened to constitute a violation.

III. Appellant finally questions the conviction because the evidence presented by the State, even if true, fails to show a threat to kill and was a conditional threat.

The evidence on the part of the State was that the person threatened, Mr. Roberts, was an employee of the Missouri Pacific Railroad at Conway; and that while he was starting his day of work on the railroad premises on August 19, 1977 the appellant, who had previously worked for the Missouri Pacific, came upon the railroad premises and insisted he was going to work the job Mr. Roberts was preparing to work on that day. The State's evidence further indicates that the appellant asked Mr. Roberts to fight; that he had a rifle with him in the car in which he was riding; and that after Mr. Roberts left the presence of appellant, the appellant took a rifle from the car, cocked it, inserted a shell into the chamber, and told a railroad employee, "You'd better get that s. b. out of here or I'm going to shoot him", referring to Mr. Roberts. There was further evidence that the threat was promptly communicated to Mr. Roberts by a railroad employee, that Mr. Roberts was frightened, concerned for the safety of his family, and that he left his job for the day.

While the evidence was conflicting, the record discloses substantial evidence to support the finding of guilty by the

trial court, and the rule is well settled that on appeal the court does not attempt to weigh the evidence. That is the function of the trial judge, sitting as a jury in this instance, to evaluate the testimony of the witnesses. *Simmons* v. *State*, 255 Ark. 82, 498 SW 2d 870 (1973).

The threat to shoot another is a threat to cause such serious physical injury to another person as to constitute terroristic threatening within the express scope of §41-1608. The fact that the threat is conditioned in such a way as is calculated to coerce another person to abstain from a course of action he has a legal right to pursue is not a valid defense.

We find no prejudicial error.

Affirmed.