Danny ROLAX a/k/a Danny Bernard HAMILTON
*v.* STATE of Arkansas

CA CR 80-21                                    603 S.W. 2d 903
Court of Appeals of Arkansas
Opinion delivered September 10, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. The appellant was found guilty of the offense of "Theft of Property" — Ark. Stat. Ann. § 41-2203 (Repl. 1977) — having a value in excess of $100.00, by the court, sitting without a jury, and appellant was sentenced to the Department of Correction for a term of three years.

Section 41-2203, in relevant part, provides:

(1) A person commits theft of property if he:
(a) knowingly takes or exercises unauthorized control over . . . the property of another person, with the purpose of depriving the owner thereof;

. . .

(b) Theft of property if a class C felony if:
(i) the value of the property is less than $2500 but more than $100; . . .

On June 2, 1979, between 11:00 a.m. and 12:00 p.m. o'clock, an employee of M. M. Cohn Company, Robert Jackson, observed appellant leaving a conference area of the advertising department, located on the fourth floor. The employee approached appellant and asked why appellant was in the area since it was not open to the general public. Appellant stated that he had visited the store, the day before, seeking employment; that he had talked to an employee in the personnel department, which is located on the fifth floor, about a janitorial position and was told to return the following day; and that he had, while using the elevator, inadvertently gotten off on the wrong floor.

Upon entering the room that appellant had just exited, Mr. Jackson discovered a shopping bag on the floor containing merchandise from the retail department on the first floor — a man's three piece suit and three pairs of women's shoes.

It is conceded that Robert Jackson, Cohn's employee, did not observe appellant in possession of the merchandise; and as a matter of fact, Mr. Jackson testified that when he first saw appellant, appellant was approximately 20 to 25 feet from where the shopping bag was located. Mr. Jackson testified, however, that he had been in the same area approximately three minutes before he observed appellant and that he did not see the shopping bag at that time.

The manager of Cohn's was immediately summoned to the area by Mr. Jackson. Upon hearing appellant's explana-

tion for being on the fourth floor, the manager checked with the personnel office and was advised that there was no application for employment on file for appellant.

For reversal, appellant had tendered the following points:

1. There was no substantial evidence to prove appellant committed theft of property.

2. The trial court erred in failing to follow statutory procedures for consideration of sentencing of appellant under the youthful offender Alternative Service Act of 1975.

3. The trial court erred in allowing the state to refer in closing argument to a prior conviction of appellant not presented in evidence during trial.

We are persuaded that appellant's first ground for reversal has merit and we, accordingly, reverse appellant's conviction. The State assumes a heavy burden when circumstantial evidence alone is relied upon for a criminal conviction. It is plain that before such evidence may be deemed adequate to support a conviction, the evidence must exclude every other reasonable hypothesis consistent with the defendant's innocence. *Henley* v. *State*, 255 Ark. 863, 503 S.W. 2d 478 (1974); *Jones* v. *State*, 246 Ark. 1057, 441 S.W. 2d 458 (1969). It is also equally plain that the evidence must be something more than bare suspicion; it must be of a material nature and tends to connect the defendant with the crime. When a defendant's guilt is predicated on conjecture and speculation, the evidence is insufficient to sustain his conviction. *Upton* v. *State*, 257 Ark. 424, 516 S.W. 2d 904 (1974); *Jones* v. *State*, supra.

Close scrutiny of the evidence in this proceeding dictates a finding that the evidence falls short of the standard that must be met in order to sustain appellant's conviction.

As has already been noted, there is no evidence showing that appellant was ever in actual possession of the shopping

bag containing the merchandise. There is no proof that anyone else — including the employees of Cohn's who, according to Mr. Jackson, readily had access to the fourth floor and the conference area — had not visited the area.

While the manager testified that he was told that there was no application for employment on file for appellant, appellant's testimony was that an employee in the personnel department, the day before, simply advised him to return the following day when appellant inquired about employment. This bit of evidence is pivotal and tends to corroborate appellant's testimony that he had visited the personnel office the previous day, Friday, for Mr. Jackson testified that the personnal office is generally closed on Saturdays and that he did not know whether the personnal office was opened on the day in question or not. However, the manager testified that he went to the personnel office, upon hearing appellant's explanation, to see if appellant had an application on file and was advised that there was no application. It seems clear that the evidence supports a finding that the office was open and appellant was endeavoring to comply with the instructions he had received the previous day.

While appellant's conviction is being reversed on his first point for reversal, we deem it advisable to mention briefly his contention that the trial court erred in allowing the State to refer in closing argument to a prior conviction of appellant not presented in evidence during the trial.

In *Williams* v. *State*, 259 Ark. 667, 535 S.W. 2d 842 (1976), the Arkansas Supreme Court made the following relevant comment:

> "... Closing arguments must be confined to questions in issue, the evidence introduced and all reasonable inferences and deductions which can be drawn therefrom. ... Whenever, trial counsel argues matters that are beyond the record and states facts or makes assertions not supported by any evidence that are prejudicial to the opposite party, there is clearly error. ...

"When objection is made, the presiding judge should appropriately reprimand counsel and instruct the jury not to consider the statement, and in short, do everything possible to see that the verdict of the jury is neither produced nor influenced by such argument . . . . The failure to sustain a proper objection to argument of matters not disclosed by the record is serious error, because it gives the appearance that the improper argument has not only the sanction but the endorsement of the court . . . ."[1]

Appellant argues convincingly:

"The prejudicial effect from the State's closing comment was apparent from the final conclusion in the trial court's opinion that it 'was not convinced he [the appellant] was not there for the purpose of stealing . . .', even though the actual evidence showing theft by appellant was very weak. The failure of the trial court to disregard this incompetent evidence was an error affecting the substantial right of appellant to have a fair trial, and should be noticed by this court, notwithstanding the absence of a proper objection by defense counsel. . . ."

It must be remembered that under American Jurisprudence, every defendant who stands before the bar of a trial court, irregardless of how shocking or offense his conduct might have been, enjoys the presumption of innocence which may not be compromised or reduced to a mere formality. Our Supreme Court in articulating the fundamental nature of this right said in *Williams* v. *State*, supra:

"The presumption of innocence is so strong that it serves an accused as evidence in his favor throughout the

---

[1]In *Hickey* v. *State*, 263 Ark. 809, 569 S.W. 2d 64 (1978), the Supreme Court stated:

We submit that because a case is tried before a trial judge without the aid and assistance of a jury, this does not, in the least, reduce the proceedings to an informal setting where the principles of law and justice are disregarded or perverted.

trial and entitles him to an acquittal unless the state adduces evidence which convinces the jury beyond a reasonable doubt that he is guilty of the crime charged. . . . It is a fundamental right in the American system antedating any constitution and an essential of due process of law. . . . It alone puts in issue the truth and credibility of all of the evidence offered against an accused. . . ."[2]

Inasmuch as we have determined that the evidence introduced during the trial was insufficient to sustain appellant's conviction, we reverse and dismiss this action. *See: Polland* v. *State*, 264 Ark. 753, 574 S.W. 2d 656 (1978); *Burks* v. *U.S.*, 437 U.S. 1 (1978); *Greene* v. *Massey*, 437 U.S. 19 (1978).

Reversed and dismissed.

HAYS, J., dissents.

STEELE HAYS, Judge, dissenting. I feel compelled to disagree with the majority in reversing this case on an insufficiency of evidence. When the fundamental rules of appellate review are applied to this appeal, the only course open to us is affirmance of the conviction.

The evidence is circumstantial to be sure; however, direct proof of criminal conduct is lacking in a great many cases, perhaps the majority, but that should not become an ideological stumbling block to reasonable certainty. The dictum in those cases that refer to the prosecution assuming a "heavy burden" when circumstantial evidence is relied upon promotes the inference that the evidence of guilt must be greater in cases dependent on circumstantial evidence. This

---

[2]In *State* v. *Lawrence*, 246 Ark. 644, 439 S.W. 2d 819 (1969), the Arkansas Supreme Court made the following pertinent comment:

> Since the errors asserted on this appeal are apparent on the face of the record, no objection, exceptions or motion for new trial was required before they could be reviewed here.

*See Also:* Rule 103(a)(1), Arkansas' Uniform Rules of Evidence.

is not so and probably never has been, as no greater degree of certainty in proof is required where evidence is circumstantial than where it is direct, in either case it remains simply a matter of the judge or jury being convinced of the defendant's guilt beyond a reasonable doubt. *Caradine* v. *State*, 189 Ark. 771, 75 S.W. 2d 671 (1934), *Holland* v. *United States*, 348 U.S. 121 (1954). In *Caradine*, the Supreme Court of Arkansas expressed the law in connection with an appeal similar to the one now before us:

> The jury evidently believed the States' witnesses, and, if they did, they could not believe the appellant's witnesses, and it was a question for the jury, and not for this court.

> We recently said: "The testimony was entirely circumstantial, but, if believed, it was sufficient to justify the jury in finding the appellant guilty. The jury are the judges of the credibility of the witnesses and the weight to be given their testimony. Therefore, in determining whether the evidence is sufficient to support the verdict, this court must consider the evidence in the light most favorable to the State, and, when this is done, it cannot be said that the evidence did not warrant the jury in returning the verdict of guilty." *O'Neal* v. *State*, 179 Ark. 1153, 15 S.W. 2d 976.

*Simmons* v. *State*, 255 Ark. 82, 498 S.W. 2d 870 (1973), may be cited on the same point, where it was said that the law makes *no distinction* between circumstantial evidence and direct evidence from which the existence of a fact may be inferred.

In the case at bar, the trial court, sitting as the jury, presumably believed the testimony of Mr. Robert Jackson, a witness for the prosecution, and when that testimony is examined, if it is to be believed, no *reasonable* uncertainty of the defendant's guilt can be entertained. Mr. Jackson's testimony was that he had gone to the fourth floor of the department store where he was employed to take some samples, it being a Saturday when the fourth floor was closed to the public. The floor was dark except for stairway lighting and several win-

dows around the perimeter of the building. Mr. Jackson examined an area just inside a doorway adjacent to the elevator and he observed nothing. Hearing a noise, he looked up and saw the defendant's head disappearing through a window into an area used for storage. The room was also described as a closet area which opened onto a larger room where selected merchandise was kept for advertising purposes. Mr. Jackson went to a nearby office and called the security officer. He returned to the area and just as he arrived the defendant was emerging from the doorway just referred to. The witness asked the defendant what he was doing there and on opening the door he observed the shopping bag of merchandise immediately inside the doorway the defendant had just come through. He testified positively that the shopping bag had not been there moments earlier when he first examined the area. His testimony was that he and the defendant were the only persons on the fourth floor during the interval, which he estimated to be between three and four minutes, and that the area the defendant was seen, and emerged from, was dark. The shopping bag contained three pairs of ladies' shoes and a man's three-piece suit, size 39 regular.

In this own behalf, the defendant testified that he had come to the store for the purpose of seeking employment and had inadvertently gotten off on the wrong floor. He denied taking any merchandise or knowing anything about the shopping bag and he denied being in the storage area or in the room adjacent to it. His suit size he estimated at a 37 or 38 regular. Clearly, there was a considerable credibility gap between Mr. Jackson's testimony as to the defendant's whereabouts and the defendant's own account, and the trial court resolved this conflict to its own satisfaction.

The majority is concerned that Mr. Jackson could not say that he saw the defendant holding the shopping bag. So be it. He did testify to a number of circumstances that point in only one direction.

(1) The defendant's head was seen disappearing through a window in a storage area near where merchandise was kept.

(2) The area was dark.

(3) No shopping bag was seen at point A.

(4) Some three minutes later, the defendant and the shopping bag are seen at point A, the defendant emerging through the doorway, the shopping bag being just inside the doorway.

(5) No other persons were on the fourth floor except the witness and the defendant.

Giving these circumstances the "highest probative value" [*Powell* v. *State*, 213 Ark. 442, 210 S.W. 2d 909 (1948]), leads to the conclusion that the conviction is founded on sufficient evidence and should not be overturned.

The rule is well settled that an appeal court does not attempt to weigh the evidence, as that is the function of the trial judge. *Richards* v. *State*, 266 Ark. 733, 585 S.W. 2d 375 (Ark. App. 1979).

Moreover, our duty on appeal is to weigh the evidence from its highest probative value in favor of the verdict. *Powell* v. *State*, *supra*. The reviewing court must accord every reasonable inference to support the verdict. *Bone* v. *State*, 198 Ark. 519, 129 S.W. 2d 240 (1939). When those rules are applied to this appeal, I believe the trial court had ample evidence to support the finding of guilt and I would affirm the conviction.