John LINDSEY *v.* STATE of Arkansas

CA CR 99-558                                                3 S.W.3d 346

Court of Appeals of Arkansas
Division IV
Opinion delivered November 10, 1999

*William R. Simpson, Jr.*, Public Defender; *Sandra S. Cordi*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. John Lindsey was convicted in a bench trial of theft by receiving, for which he was sentenced as an habitual offender to 180 months in the Arkansas Department of Correction. On appeal, Lindsey argues that the evidence was insufficient to sustain his conviction because the State failed to prove that he was in possession of the stolen white van recovered near where he had been seen driving a white van, because it was reasonable that he could have been driving a white van other than the one that was stolen. We agree that the evidence was insufficient to sustain the conviction and reverse.

The following evidence was introduced by the State at Lindsey's trial. Burt Park, chairman of the board of Democrat Printing and Lithographing Company, testified that in September of 1997, a 1997 white Ford van was stolen after working hours from Democrat Printing. The theft was discovered at 6:00 a.m. Later that morning, after the theft had been reported to police, the van was recovered. Police had found the vehicle at Ives Walk, a housing development off Roosevelt Road just west of the interstate.

Dorothy Brown Walker, who lived at No. 4 Ives Walk, testified that on September 9, 1997, at approximately 2:00 a.m., she observed Lindsey drive a white van behind the empty, boarded-up apartment next door at No. 2 Ives Walk, back up to the apartment,

and then drive off. She described the van as "a white utility van" with "no windows on the side." Walker said she recognized Lindsey from his previous visits to his sister who lived next door at No.6 Ives Walk.

Sue Francis of the Little Rock Police Department testified that she was called to Ives Walk on September 9, 1997, to investigate a report that a van was in the development. According to Francis, she found the vehicle behind a duplex at No. 19 Ives Walk and later determined that it was the van that was stolen from Democrat Printing.

Lindsey's sole point on appeal is that the evidence was insufficient to support his conviction. He argues that the State failed to prove that he was in possession of the stolen van. Lindsey contends that it was not sufficient that he was observed driving a white van at 2:30 a.m. and that the stolen white van was discovered in the same housing project later that morning. He asserts that white utility vans are not unique and it is not unreasonable that two white vans could be in the same housing development on the same day. We find Lindsey's argument persuasive.

In reviewing a challenge to the sufficiency of the evidence, this court must view the evidence in a light most favorable to the State and consider only that evidence which supports the verdict. *Walker v. State*, 330 Ark. 652, 955 S.W.2d 905 (1997). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Id.* Circumstantial evidence may constitute substantial evidence. *Winters v. State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993). When circumstantial evidence alone is relied upon, it must indicate the accused's guilt and exclude every other reasonable hypothesis. On review, it is our job to determine if the evidence excludes every other reasonable hypothesis. *Carter v. State*, 324 Ark. 395, 921 S.W.2d 924 (1996). It is only when circumstantial evidence leaves the finder of fact solely to speculation and conjecture that it is insufficient as a matter of law. *Hutcherson v. State*, 34 Ark. App. 113, 806 S.W.2d 29 (1991).

Theft by receiving is codified under Ark. Code Ann. § 5-36-106 (Repl. 1997) as follows:

(a) A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.

(b) For purposes of this section, "receiving" means acquiring possession, control, or title or lending on the security of the property.

(c) The unexplained possession or control by a person of recently stolen property or the acquisition by a person of property for a consideration known to be far below its reasonable value shall give rise to a presumption that he knows or believes that the property was stolen.

In the instant case, we cannot find sufficient evidence from which the trier of fact could conclude that Lindsey was in actual physical possession of the stolen utility van. Utility vans are not unique, so the possibility that Lindsey could be present in a white utility van similar to the stolen white utility van that was discovered nearby hours later is not so remote as to render that hypothesis unreasonable. *Cf. Lancaster v. State*, 204 Ark. 176, 161 S.W.2d 201 (1942). We have scoured the record to find sufficient detail in the testimony of the State's other two witnesses to further correlate Dorothy Walker's description of the van that Lindsey was in with the stolen vehicle, but our search has proved unavailing. As noted above, Walker described the van only as a "white utility van" with "no windows on the side." Burt Parks's testimony was silent about the absence of side windows, and while he provided the year and manufacturer of the stolen vehicle, those details are of no significance because Walker made no mention of either in her testimony. The testimony of the State's only other witness, Officer Sue Francis, was even more vague about the physical description of the van, which she simply referred to as a "white utility van." Like Parks, Officer Francis did not mention the only distinguishing characteristic provided by Walker's testimony: the lack of side windows. Our case law is clear that when a case is made entirely on circumstantial evidence, the circumstances relied upon by the State must be so connected and cogent as to show guilt to a moral certainty and must exclude every other reasonable hypothesis than that of the guilt of the accused. *Green v. State*, 269 Ark. 953, 601 S.W.2d 273 (Ark. App. 1980). We simply cannot find a sufficiently strong connection between the white van that Lindsey was sighted in at

2:30 a.m., and the white van that was subsequently discovered at another part of the housing complex hours later. *See Rolax v. State*, 270 Ark. 197, 603 S.W.2d 903 (Ark. App. 1980). Accordingly, we reverse and dismiss.

Reversed and dismissed.

PITTMAN and JENNINGS, JJ., agree.