Anthony LAMAR *v.* STATE of Arkansas

CR 01-909                                              68 S.W.3d 294

Supreme Court of Arkansas
Opinion delivered March 7, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Following a jury trial, Appellant Anthony Lamar was convicted of rape and sentenced to thirty years in the Arkansas Department of Correction. The State alleged that Mr. Lamar engaged in deviate sexual activity with A.B., who was four years old at the time. Mr. Lamar's counsel argued that the State had failed to prove penetration, an essential element of the offense. Mr. Lamar's only point on appeal is that the trial court erred in denying him the opportunity to make an opening statement at the conclusion of the State's evidence. We disagree and hold that a criminal defendant must be afforded the opportunity to delay his opening statement until the close of the State's evidence only when the defendant makes such a request at the proper time, the trial court assents, the State fails to object, and the defendant expects to put on some evidence following the opening statement. The judgment of the trial court is affirmed.

At the beginning of Mr. Lamar's trial on April 24, 2001, defense counsel, Don Thompson, informed the court that he wished to reserve his opening argument until after the State presented its case. The court responded: "Fine." There was no objection by the State. Following the State's opening argument, the court said: "All right, I think you want to withhold your opening statement, Mr. Thompson, is that correct?" Again, the State failed to object. The State proceeded to call its witnesses. After the State completed its presentation of evidence, defense counsel attempted to make an opening statement. The State then argued that, since the purpose of an opening argument is to show what the facts will prove and what the case will show, any statement by defense counsel would be more like a closing argument if he was not going to present any testimony or witnesses.

The trial court agreed with the State and concluded that defense counsel could only make an opening statement "if [he expected] to put on some evidence and [expected] to tell the jury what [he wanted] this evidence to prove." The court added that defense counsel could not rely on the evidence put on by the State or his cross-examination of that evidence. As defense counsel expected to present no evidence on behalf of Mr. Lamar, he was not allowed to make an opening statement. Both the State and the defense made closing arguments.

■■ On appeal, Mr. Lamar contends that, under the circumstances of this case, the trial court's refusal to allow him to make his opening statement at the conclusion of the State's evidence was prejudicial and reversible error. The principal object of the opening statement is to give the jury "an outline of the evidence to be introduced by both sides and the nature of the issues to be tried." *Karr v. State*, 227 Ark. 777, 781, 301 S.W.2d 442, 445 (1957). The statutory provision on opening statements made by parties at trial is found at Ark. Code Ann. § 16-89-110 (1987):

> (a) The prosecuting attorney may then read to the jury the indictment, and state the defendant's plea thereto and the punishment prescribed by law for the offense, and may make a brief statement of the evidence on which the state relies.

> (b) The defendant, or his counsel, may then make a brief statement of the defense and the evidence upon which the defendant relies.

Section 16-89-111 (1987) further illuminates the required progression of a trial:

> (a) The state must then offer the evidence in support of the indictment.
>
> (b) The defendant, or his counsel, must then offer his evidence in support of his defense. . . .

■ The proper procedure calls for the defendant to make his opening statement immediately following that made by the prosecuting attorney. *Jackson v. State*, 249 Ark. 653, 460 S.W.2d 319 (1970) (citing *Perryman v. State*, 242 Ark. 461, 414 S.W.2d 91 (1967); *McDaniels v. State*, 167 Ark. 1163, 63 S.W.2d 335 (1933)). A defendant's refusal to make his statement at that time constitutes a waiver. *Id.*

Mr. Lamar argues, however, that based on our holding in *Jackson v. State,* 249 Ark. 653, 460 S.W.2d 319, we must conclude that the trial court erred in failing to grant him the opportunity to present his opening statement. There, the jury was selected, impaneled, and sworn, following which the prosecuting attorney made the opening statement for the State. The appellant's attorney then stated that the defense would like to reserve its opening statement until the closing of the State's case. There was no objection by the State, and the trial judge assented. Later, after the State rested its case, the appellant's attorney attempted to make his opening statement. At that point, the trial judge ruled that the appellant had waived his right to make an opening statement when he did not make it immediately following the opening statement by the prosecution.

This court held that the appellant in *Jackson* could not have knowingly waived his right to make his opening statement "after having been assured by the trial court, without objection by the prosecution, that he could reserve the statement until after presentation of the State's evidence in chief." *Id.* We pointed out that the State was in no position to complain of an error it permitted the court to make without objection. *Id.* at 655-56, 460 S.W.2d at 320-21. We held that the failure of the State to object when the appellant's request was made was at the least a silent acquiescence and that the trial court's failure to permit the appellant to make his belated opening statement deprived him of a fair trial and constituted prejudicial error. *Id.*

■ While this court in *Jackson* suggested in dicta that the right to make an opening statement is a "fundamental right," no Arkansas case has ever directly held that an opening statement is a part of the appellant's right to a fair trial. In fact, the Arkansas Court of Appeals has held that opening statements are permissible and not mandatory. *Richards v. State*, 266 Ark. App. 733, 585 S.W.2d 375 (1979).

■ The State argues that *Jackson*'s holding should be limited to situations in which the defendant intends to present evidence. Though there is no clear language in *Jackson* limiting the rule of that case to situations in which the defendant intends to present evidence, we so limit *Jackson* today.[1] Following our decision in *Jackson*, the United States Supreme Court decided the case of *Herring v. New York*, 422 U.S. 853 (1974). The *Herring* Court held that "there can be no justification for a statute that empowers a trial judge to deny absolutely the opportunity for any closing summation at all." *Id.* at 863. The Court made it clear that its holding should not be understood as implying the existence of a constitutional right to oral argument at any stage of the trial or appellate process other than final argument or summation. *Id. See also United States v. Salovitz*, 701 F.2d 17 (2d Cir. 1983) (holding that a criminal defendant's right to make an opening statement, unlike his right to a closing argument, is not one of the traditions of the adversary fact-finding process under the Sixth and Fourteenth Amendments).

■ The right to make an opening statement is a statutory right. Again, our statute on opening statements provides in part:

> (b) The defendant, or his counsel, may then make a brief statement of the defense and the evidence upon which the defendant relies.

Ark. Code Ann. § 16-89-110(b). This court has previously interpreted the language of that statute. In *Karr v. State*, this court said that the object of the opening statement is to present to the jury "an outline of the evidence *to be* introduced" and the nature of the issues "*to be* tried." 227 Ark. at 781, 301 S.W.2d at 445 (emphasis added). The *Karr* case was decided in 1957 under Ark. Stat. Ann. §§ 43-2110, 43-2111 (1947). The language of those two statutes is identical to the language now combined at Ark. Code Ann. § 16-

---

[1] We note that the defendant in *Jackson* called at least one witness. *Jackson v. State*, 249 Ark. at 660, 460 S.W.2d at 322-23.

89-110(a), (b) (1987). The *Karr* decision necessitates that some evidence must be introduced following an opening statement.[2] We recognized as much in *Jackson* when we noted that an opening statement "may alert the jury for critical points to be expected to be covered in the testimony to be adduced." 249 Ark. at 655, 460 S.W.2d at 320.

■ The defense may not use its "opening statement" to comment upon any evidence previously presented by the State, and cannot outline evidence it does not intend to present. Thus, where no evidence will be introduced following an opening statement, we hold that a defendant has no absolute right to make such a statement. Accordingly, if the trial court assents and the State fails to object, a defendant may be permitted to reserve his opening statement until the close of the State's case only when the defendant expects to present some evidence.[3]

Affirmed.

---

[2] *See also United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring) ("An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument.")

[3] Other jurisdictions have come to the same conclusion. *See, e.g., United States v. Salovitz*, 701 F.2d 17 (2d Cir. 1983); Iowa Code Ann. § 813.2, Rule 18 (1)(a)(3) (2001); N.C. Gen. Stat. § 15A-1221(a)(4), (6) (2001).