SLIP OPINION

Cite as 2014 Ark. 245

# SUPREME COURT OF ARKANSAS

No. CR-01-909

| | | |
|---|---|---|
| | | **Opinion Delivered** May 22, 2014 |
| ANTHONY LAMAR | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| v. | | |
| STATE OF ARKANSAS | RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-00-1608] |
| | | PETITION DENIED. |

## PER CURIAM

In 2001, petitioner Anthony Lamar was found guilty by a jury of the rape of a four-year old girl and sentenced to 360 months' imprisonment. We affirmed. *Lamar v. State*, 347 Ark. 846, 68 S.W.3d 294 (2002).

On April 22, 2014, petitioner filed this pro se petition, seeking to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis claiming that he is entitled to issuance of the writ on the grounds discussed below.[1] The petition is denied as petitioner has failed to raise any claim that would support issuance of a writ of error coram nobis.

A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Pitts v. State*, 2014 Ark. 132 (per curiam). Coram-nobis

---

[1]The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

Failure to disclose evidence favorable to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and such an allegation falls within one of the four categories of coram-nobis relief. *Bannister v. State*, 2014 Ark. 59 (per curiam). The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a

SLIP OPINION

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Watts v. State*, 2013 Ark. 485 (per curiam).

As grounds for the writ, petitioner asserts that the prosecution violated *Brady* by not informing the defense until the morning that his trial began that the victim had tested positive for a sexually transmitted disease. He states that trial counsel was caught off guard by the information and agreed that the information concerning the disease would not be brought up at trial. He argues that, had the medical report been provided earlier to the defense, the fact that petitioner did not have any such disease could have been raised by the defense to prove his innocence. He further contends that he learned after trial that the victim had also tested positive for a second sexually transmitted disease, and that the medical report concerning that disease was also kept from the defense in violation of *Brady*.

When considering a claim of a *Brady* violation, the significance of evidence alleged to have been withheld must be weighed against the totality of the evidence adduced at trial. *Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam); *see also Smith v. State*, 2012 Ark. 403 (per curiam). Here, the petitioner admitted in his tape-recorded statement that was played to the jury during the guilt phase of the trial to having inserted his penis inside the child's anus far enough for her to say "ouch." In the sentencing phase of the trial, petitioner took the stand and

admitted to his guilt and asked for forgiveness. In light of the overwhelming evidence of guilt adduced at trial, it cannot be said that the outcome of the trial would have been different if the defense had more advance notice of the child's medical reports pertaining to her having tested positive for the two diseases. Also, petitioner concedes that the defense was made aware at the time of trial that the victim had tested positive for one sexually transmitted disease. The information, therefore, was available at the time of trial and could have been brought forth before rendition of the judgment. Accordingly, the allegation of a *Brady* violation was not well founded with respect to the claim that the victim had one disease. Even if the victim did indeed have two diseases, petitioner is contending that he had no such diseases. As he admits to knowing about one disease at trial, he has failed to establish that the outcome of the trial would have been different had he known at trial that the victim also suffered from a second disease.

Petition denied.

*Anthony Lamar*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for respondent.