SLIP OPINION

Cite as 2014 Ark. App. 703

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-403

| | | |
|---|---|---|
| | | **Opinion Delivered** December 10, 2014 |
| KENNETHA HENSON | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [No. 30CR-12-203-2] |
| V. | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

**LARRY D. VAUGHT, Judge**

Appellant Kennetha Henson appeals from her conviction for theft of property under Ark. Code Ann. § 5-36-103 for embezzling money from Malvern Water Works, a department of the City of Malvern. She argues that the circumstantial evidence presented against her at trial was insufficient to sustain a conviction. We disagree and affirm.

Henson was an office manager at Malvern Water Works. Malvern Water Works accepted cash and checks from customers daily. On a fairly regular basis, the money drawers were balanced and closed out, and the cash and checks were kept in a safe room until they were deposited. The safe room was not locked during the day, and everyone in the office had access to it. Henson was responsible for making all bank deposits. Henson would sometimes make daily deposits, but she would also sometimes wait weeks between deposits. On some occasions, Henson deposited only checks, although there would have been cash to deposit every day.

Beginning in approximately 2006, during annual accounting audits,[1] Henson began explaining account shortages as "deposits in transit," which is an accounting term for deposits that have been made but do not yet appear on the bank statement. Specifically, Henson reported that funds that should have been deposited by December 31 of the preceding year were not actually deposited until the following year, which explained deficiencies in the previous year's account balance. This explanation for the deficiencies appears to have been acceptable to the auditors at the time. The discrepancies were not considered material by the auditors, given that the annual revenue for the Malvern Water Works was in excess of $20 million.

In 2011, during the audit for 2010, the auditors discovered more substantial discrepancies. They requested information from Henson about the deposits in transit she had reported for that year. Henson would not or could not provide the information. At that point, the office contacted the mayor of Malvern. Soon thereafter, the mayor instructed another employee to take over all duties related to depositing money. The employee taking over Henson's duties dicovered that there was approximately $150,000 missing from the safe room at the time, based on the current figures in the office's general ledger.

Henson was questioned about the missing money. She stated that she did not steal the money and asked whether, if she had, would she not have something to show for it. When

---

[1] It appears that, around 2006, due to a change in accounting practices nationwide, a specific change in the accounting firm that audited Malvern Water Works, and changes in office management, internal bookkeeping practices at Malvern Water Works became increasingly lax, contributing to or allowing the theft at issue in this case.

pressed to provide specific information as to the deposits in transit that she had reported, she left the office. Henson was terminated on June 10, 2011.

At trial, Jimmy Locke, a senior accountant with Arkansas Legislative Audit, testified that he conducted an investigation of cash deposits and determined that, over a five-year period, there was a shortage of approximately $226,925.55 from the two bank accounts to which Henson was responsible for making deposits. Locke testified that Henson was responsible for the collection, receipt, and depositing of payments for those accounts, and that because deposits were not made daily or in any other organized manner, it was impossible to reconcile bank deposit records with the office's collection records.

Evidence as to Henson's personal finances and spending habits was also introduced at trial. Henson's gross income from 2006 until she was terminated was approximately $35,965 per year, and her husband's gross income for that period was approximately $48,812 per year. During the relevant time period, Henson made approximately $40,000 in unexplained cash deposits to her personal accounts. Several witnesses testified that Henson had significant credit card debt, defaults, overdraft charges, threatened home foreclosures, and difficulty in paying her bills. Despite these apparent financial hardships, Henson spent approximately $5,900 on vacation travel, $7,600 on concerts, and $2,300 on manicures. Once Henson was terminated from Malvern Water Works, the cash deposits into her personal accounts stopped.

We will affirm the denial of a motion for directed verdict if substantial evidence, either direct or circumstantial, supports the conviction. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). Substantial evidence is evidence which would compel a conclusion one way

or the other with reasonable certainty, without relying on mere speculation or conjecture. If circumstantial evidence alone is relied upon, the evidence must establish every element of the crime. *Green v. State*, 269 Ark. 953, 601 S.W.2d 273 (Ark. App. 1980) (citing *Henley v. State*, 255 Ark. 863, 503 S.W.2d 478 (1974)). Circumstantial evidence may not provide the sole basis for a criminal conviction if it can be reconciled with the theory that someone other than the defendant committed the crime or that there was no crime committed at all. *Bowie v. State*, 185 Ark. 834, 49 S.W.2d 1049 (1932). The circumstances relied upon by the State "must be so connected and cogent as to show guilt to a moral certainty and must exclude every other reasonable hypothesis than that of guilt of the accused." *Lindsey v. State*, 68 Ark. App. 70, 73, 3 S.W.3d 346, 348 (1999).

Henson was charged and convicted of theft of property pursuant to Arkansas Code Annotated § 5–36–103(b)(1)(A) (Repl. 2013). A person commits theft of property if she knowingly "[t]akes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property[.]" Ark. Code Ann. § 5–36–103(a)(1) (Repl. 2013). Theft of property is a Class B felony if the value of the property is twenty-five thousand dollars or more. Ark. Code Ann. § 5–36–103(b)(1)(A) (Repl. 2013). The distinction between types of theft has been abolished under Arkansas law; Arkansas Code Annotated § 5–36–102 (Repl. 2009) explicitly states that theft of property embraces the separate offenses previously known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses.

We hold that substantial evidence supports the theft-of-property conviction in this case. The evidence showed that Henson was the only employee who made bank deposits and was the only employee who reported the deposits in transit used to conceal the theft. Moreover, there is no other explanation for the significant cash deposits made to her personal accounts, which stopped once she was terminated, or for how she was able to afford expensive vacations, concerts, and luxury beauty treatments on her annual household income.

Henson challenges her conviction by citing evidence that other people had access to the cash stored in the safe room at Malvern Water Works and, therefore, had an opportunity to commit the crime. She points to evidence that her depositing and accounting practices were satisfactory to the accountants prior to their review of the 2010 accounts. She claims that evidence as to her credit-card debt and difficulties in making mortgage and utility payments is exonerative rather than inculpatory because it indicated a lack of funds rather than excess cash at hand. Finally, she contends that the evidence related to her personal finances and expenditures amounts to nothing more than poor money management rather than evidence of six-figure embezzlement.

Henson's arguments fail because they wholly ignore the substantial evidence that weighs heavily in favor of her guilt. Although the evidence presented against Henson was mostly circumstantial, it was more than sufficient to sustain her conviction. In this case, the evidence established that there was only one theory of the crime that conformed to the evidence. Not only did Henson have access to the cash, she concealed the missing money

5

during audits, and she benefited from the crime. Therefore, we hold that substantial evidence supports her conviction for theft of property.

Affirmed.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.