MIKE MURPHY, Judge
A Grant County jury convicted appellant Ronnie Martinez for the offenses of battery in the first degree, possession of a firearm by certain persons, and three counts of aggravated assault. He also received a sentence enhancement for employing a firearm as a means of committing a felony. Martinez was sentenced to a total of forty-five years in the Arkansas Department of Correction. On appeal, Martinez contends that sufficient evidence did not support his convictions. We affirm.
On October 22, 2015, the Grant County Sheriff's Department arrived at Danny Myers's place of business in response to a report of shots fired with an active shooter on scene. Deputy Matt Bennett testified that when he initially pulled up, Martinez was holding a weapon. Bennett explained that as he pulled up to stop Martinez, *265 Martinez threw the gun down and fell to the ground. Consequently, Martinez was taken into custody and charged by information.
After Martinez was found fit to proceed to trial, a jury trial was conducted on November 4, 2016. The testimony established that Martinez worked for Danny Myers and that Martinez lived in a room above Myers's building.[1] On the morning of October 22, 2015, Martinez entered the office part of the building where Myers, Helen Strong, and her husband, Alvin West, were gathered, Martinez said, "I'm going to kill y'all." He started shooting at the three individuals. A bullet grazed Myers's head, and the other two were shot at but were not hit with a bullet. Myers testified that the gunshot to his head knocked him to the ground, but he was able to crawl out the front door of the business on his knees. Myers's injury required him to undergo surgery, and as of the date of the trial, his injury was still causing him problems.
West testified that he had an argument with Martinez about two months before this incident when Martinez threatened to kill West's wife. West's testimony also corroborated Myers's testimony that Martinez came in and said, "I'm going to kill y'all." West stated that he "went down" and escaped out the door with Myers. He explained that had he not gone down, he would have been shot in the chest.
Jess Neal testified that he was working for Myers on the morning of the incident. He explained that he came in to the building through a side door where he saw the whole confrontation. Neal testified that he came around the corner, and that Martinez shot at him, too. West and Strong testified that they heard Martinez make a comment such as "I'll kill you, too," referring to Neal.
During a recorded interview that was played for the jury, Martinez said he had been working with Myers for about a year and a half. He explained that since he had been working there and living above the shop, he believed someone was stealing his food or putting snot in it.
After the State rested, Martinez moved for a directed verdict. The circuit court denied the motion. Martinez did not call any witness and renewed his directed-verdict motion. The circuit court denied that motion as well, and he was convicted of the crimes for which he was charged. He now timely appeals.
On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. See Reynolds v. State , 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. Id. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id. This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, because those are matters for the fact-finder. Id. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id.Only evidence supporting the verdict will be considered. Leaks v. State , 345 Ark. 182, 185, 45 S.W.3d 363, 365 (2001).
On appeal, Martinez contends that the evidence adduced at trial was insufficient to convict him of first-degree battery *266 and aggravated assault. He specifically argues that the State failed to prove that he acted purposely with respect to both offenses.
A person commits battery in the first degree if, with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm. Ark. Code Ann. § 5-13-201(a)(8) (Repl. 2013). A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5-2-202(1). One's intent or purpose, being a state of mind, can seldom be positively known to others. Cole v. State , 33 Ark. App. 98, 102, 802 S.W.2d 472, 475 (1991). Since intent ordinarily cannot be proved by direct evidence, jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. Id. We hold that the finding that Martinez fired the shots with the purpose of causing physical injury to someone is supported by substantial evidence.
Martinez argues that a reasonable jury could not conclude beyond a reasonable doubt that he intended to cause injury. In his brief, he posits for the first time on appeal that the firearm could have discharged accidentally. However, the testimony established that Martinez entered the office, verbally threatened to kill the victims, fired his weapon repeatedly, shot Myers in the head, chased at least one of the victims out of the office while shooting at him, and was standing in the parking lot still armed with the gun when the officers arrived. This evidence is sufficient to support Martinez's conviction for first-degree battery.
Martinez also argues that the jury had to speculate that he intended to commit aggravated assault. A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(2). As explained above, a person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5-2-202(1). Further, we have held that pointing a loaded handgun at someone is enough to create a substantial danger of death or serious physical injury and to sustain a finding that a person committed aggravated assault. Hamilton v. State , 2017 Ark. App. 447, at 9, 526 S.W.3d 859, 865.
The same evidence recited above also supports this finding. Martinez's conduct created a substantial danger of death or serious physical injury to the victims, and it was sufficient to support the jury's verdicts for the three counts of aggravated assault.
Affirmed.
Abramson and Glover, JJ., agree.

Myers testified that Martinez worked as a laborer for his company helping move mobile homes, but Martinez testified he worked as a night watchman for Myers's building.