MIKE MURPHY, Judge
Eddie Nelson was convicted in a bench trial of residential burglary and theft by receiving for which he was sentenced as a habitual offender to an aggregate sentence of ten years' incarceration in the Arkansas Department of Correction. On appeal, Nelson argues that the evidence was insufficient to sustain his conviction for residential burglary. We affirm.
The following evidence was introduced by the State at Nelson's trial. April Goff testified that she was sitting on the front porch of her mother's house when she heard a pounding noise coming from a house down the street. The house was between fifty and one hundred yards from her mother's front porch. She explained that she looked and saw the garage door shaking and noticed there was a white SUV backed into the driveway. She thought it unusual because she had never seen a car that big outside of that house. Goff called 911 and described the scene. She then saw three men enter the house, then come out; one man put a flat-screen television in the back of the SUV. While she could not identify a face, she was certain she knew what two of the men were wearing. She described one as
a gentleman that was wearing, like, all blue, kind of like Kentucky blue, the color [of] the Kentucky Wildcat basketball game. My husband's from Kentucky. The shorts, the shirt and everything was this blue color and then there was also a ball cap. He was wearing all the same shade of blue shorts, hat and-all very similar shades of blue.
Detective Kenny Baer of the Little Rock Police Department testified that he responded to a radio call that described the burglary and provided a vague description of the suspects and the vehicle. In response, Baer and his partner canvassed the neighborhood and later observed a vehicle matching that description. The partners maintained surveillance from a couple of blocks away and while doing so, also observed three men coming back to the vehicle, putting a television inside, and then driving away from the residence. Baer also identified one of the men as wearing all blue, which corroborated what Goff had described. Baer then contacted marked patrol units that were in the area to have them initiate a traffic stop.
The officers nearby stopped the vehicle and took the driver and one of the passengers into custody. The driver was wearing all blue and was identified as Nelson. When Baer arrived at the location of the traffic stop, a flat-screen television was in plain view in the back of the SUV. Assorted tools including bolt cutters, a hammer, wire snaps, and a pry tool were also recovered from the vehicle.
*896 Jonathan Lindsay, the owner of the house at issue, testified that the flat-screen television found in the white SUV driven by Nelson was his television. Lindsay further testified that he did not know Nelson and that Nelson did not have permission to be in his house.
After the State rested, Nelson moved for a directed verdict based on insufficient evidence. The circuit court denied the motion. Nelson did not call any witnesses and renewed his directed-verdict motion. The circuit court denied that motion as well, and he was convicted of the crime. He now timely appeals.
On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. See Martinez v. State , 2018 Ark. App. 187, at 3, 545 S.W.3d 264, 265. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. Id. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id. This court does not weigh the evidence presented at trial or assess the credibility of the witnesses because those are matters for the fact-finder. Id. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id. Only evidence supporting the verdict will be considered. Id. at 4, 545 S.W.3d at 265 (citing Leaks v. State , 345 Ark. 182, 185, 45 S.W.3d 363, 365 (2001) ).
Circumstantial evidence may not provide the sole basis for a criminal conviction if it can be reconciled with the theory that someone other than the defendant committed the crime or that there was no crime committed at all. Henson v. State , 2014 Ark. App. 703, at 4, 450 S.W.3d 677, 679-80. The circumstances relied on by the State "must be so connected and cogent as to show guilt to a moral certainty and must exclude every other reasonable hypothesis than that of guilt of the accused." Id.
Nelson's sole point on appeal is that the evidence was insufficient to support his conviction for residential burglary. He specifically argues that the State failed to prove that he entered Lindsay's residence. He asserts that his proximity in time to the burglary and theft was not sufficient to prove his guilt because he was not stopped by the police until an hour after Goff had reported the crime. He also notes that Goff could not identify him as one of the men who had entered the residence. We are not persuaded.
A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2013). Nelson relies on Lindsey v. State , 68 Ark. App. 70, 3 S.W.3d 346 (1999), to support his argument. There, we held that sufficient evidence did not support appellant's theft-by-receiving conviction of a utility van when the circumstantial evidence simply demonstrated that appellant was near the location where the theft had occurred. Id. We held that utility vans are not unique, so the possibility that appellant could be present in a utility van like the stolen van that was discovered nearby hours later was not unreasonable. Id.
Here, in contrast, the evidence does more than demonstrate a remote possibility. Shortly after the burglary took place, Nelson was seen in the area where the burglary had occurred wearing clothes like those worn by one of the burglars and driving an SUV that matched the description of the SUV seen by Goff and Detective *897 Baer. Finally, Nelson was in possession of the flat-screen television that was stolen in the course of the burglary, and he was in possession of tools that would be helpful to commit a burglary. Therefore, we hold that substantial evidence supports his conviction for residential burglary.
Affirmed.
Abramson and Gladwin, JJ., agree.